James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Debra L. Spinelli, Esq., Bar No. 9695
DLS@pisanellibice.com
M. Magali Mercera, Esq., Bar No. 11742
MMM@pisanellibice.com
Brittnie T. Watkins, Esq., Bar No. 13612
BTW@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone:    702.214.2100
Facsimile:    702.214.2101

*Counsel for Paris Las Vegas Operating Company, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TPOV ENTERPRISES 16, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>PARIS LAS VEGAS OPERATING COMPANY, LLC, a Nevada limited liability company,<br><br>Defendant. | CASE NO. 2:17-cv-00346-JCM-VCF<br><br>**STIPULATED PROTOCOL GOVERNING PRODUCTION OF ELECTRONICALLY STORED INFORMATION** |

COME NOW, TPOV Enterprises 16, LLC ("TPOV 16"), by and through its undersigned counsel of record, and Defendant Paris Las Vegas Operating Company, LLC ("Paris"), by and through its undersigned counsel of record, and hereby enter into this Stipulated Protocol Governing Production of Electronically Stored Information ("Protocol"). In this Stipulation, TPOV 16 and Paris are collectively referred to as the "Parties" and individually as a "Party."

The Parties agree that good cause exists to create a protocol to govern the production of documents and Electronically Stored Information. Thus, the Parties have agreed and stipulated to the entry of this Protocol to ensure efficient production of documents during the pendency of this case.

1

It is hereby stipulated and agreed, by and between the Parties hereto, through their respective counsel of record, that the production of ESI shall be governed by the following protocol. The Parties are in possession of ESI that may be produced in this matter and the Court hereby orders as follows regarding the production of ESI:

1. **Definitions**: In this Protocol, the following terms have the following meanings:
    a. "ESI" means Electronically Stored Information, including, but not limited to, email, attachments to email, other electronic documents such as word processing, spreadsheet, PowerPoint, HTML, and text files and any other files stored in an electronic format.
    b. "Metadata" means: (i) information embedded in a Native Format file that is not ordinarily viewable or printable from the application that generated, edited or modified such Native Format file; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native Format file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. Metadata is a subset of ESI.
    c. "Native Format" means ESI in the electronic format of the application in which such ESI is normally created, viewed, and/or modified.

2. **Scope**: This Protocol shall govern only the actual production of ESI and shall in no way affect the Parties' respective rights and obligations concerning the preservation, collection, and review of ESI. All Parties preserve their attorney-client privileges and other privileges, and there is no intent by this Protocol, or the production of documents pursuant to this Protocol, to in any way waive or weaken these privileges. Nothing in this Protocol shall limit the Parties' respective rights and obligations concerning confidential, proprietary, or private information, with respect to which they may make such agreements or stipulations as they see fit, subject to applicable law. All documents produced pursuant to this Protocol are fully protected and covered by the Parties' confidentiality agreements, and orders of the Court, as well as any clawback agreements, and protective order(s) of the Court effectuating the same.

3. **ESI Production Format**: ESI shall be produced primarily as single-page, uniquely and sequentially numbered CCITT Group IV TIFF (black and white) image files not less than 300 dpi. Only after receiving the advance permission of the receiving Party, the following additional formats may also be acceptable to represent particular ESI or documents: JPEG, JPEG2000, GIF, PNG, and BMP. The images shall be accompanied by searchable text files containing all extracted text on a document basis, or if extracted text is unavailable (*e.g.*, image PDF files), then searchable text generated using Optical Character Recognition ("OCR") will be provided. The text files shall be named to match the endorsed number assigned to the image of the first page of the document. The images and text files shall also be accompanied by a cross-reference load file. The producing Party shall also provide a data load file ("Data Load File") that shall contain the agreed-upon coding and/or Metadata, as reasonably available, associated with each field as specified in Schedule A hereto. Data Load Files will be provided in Concordance DAT file format, with field name headers and standard Concordance delimiters. The Image Load File will be provided in the OPT and LFP file formats.

4. **Email Production Format**: Email, together with all attachments, shall be produced as follows: as single-page TIFF images representing the pages of emails that would have been viewable in the ordinary course of business prior to collection. Each such TIFF image will show the endorsed document number and confidentiality status for each such email page. The parties will provide the Metadata fields available for emails as identified on Schedule A.

5. **Paper Production Format**: Documents stored in paper form in the ordinary course of business shall be converted to electronic form and produced as single-page, uniquely and sequentially numbered CCITT Group IV TIFF image files not less than 300 dpi resolution to enable the generation of searchable text using OCR. The images shall be accompanied by text files containing the OCR-generated searchable text. The text files shall be named to match the endorsed number assigned to the image of the first page of the document. The images shall also be accompanied by an image cross-reference load file, providing the beginning and ending endorsed number of each document and the number of pages it comprises. The producing Party

shall also provide a Data Load File corresponding to the CCITT Group IV TIFF image files that shall contain the Metadata fields defined in Schedule A hereto.

6. **Bates Numbering for TIFF Images**: Each page of a document produced in TIFF file format shall be endorsed with a legible, unique numeric identifier ("Bates Number") not less than eight (8) digits (with zero-padding) electronically "burned" onto the image at a place on the document that does not obscure, conceal, or interfere with any information originally appearing on the document. The Bates Number for each document shall be created so as to identify the producing Party or non-party and the unique document number (*e.g.*, "ABC00000001").

7. **Document Unitization**: If a paper document is more than one page, to the extent possible, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed when collected by the Parties. If unitization cannot be maintained, the original unitization shall be documented in a load file or otherwise electronically tracked. For ESI, all unitization should be defined within the Data Load File including the designation of parent/attachments both for email and attachments.

8. **Color Documents**: If the receiving Party believes that a document is not legible or where the absence of color materially affects the document, the receiving Party may request that the document be produced in color, and the Parties shall meet and confer as to the possibility of rendering the document in color format.

9. **Production of ESI in Native Format**: Other than as specifically set forth below, a producing Party need not produce documents in Native Format. Any Native Format files that are produced should be produced with a link in the "NativeFile" Metadata field, along with all extracted text and Metadata fields set forth in Schedule A hereto. No document produced in Native Format shall be intentionally manipulated to change the appearance or substance of the document prior to its collection or production. All redactions of ESI will be performed on a TIFF-imaged version of the document only, and Native Format files and extracted text will not be provided. Redactions on grounds of attorney-client privilege or attorney work product shall be logged on a privilege log. Redacted ESI will be OCRed to include all visible (non-redacted) text. Any Metadata fields that contain information subject to redaction shall not be produced, however,

the remainder of the Metadata fields for that document that are not subject to redaction will be produced. Notwithstanding the foregoing, the Parties hereby reserve their rights to request production of documents in Native Format in the future should the need to do so arise. Should such need arise, the Parties will meet and confer concerning production of any discovery materials in Native Format. If the Parties are not able to reach agreement concerning the production of discovery materials in Native Format, they shall promptly bring such matter to the Court's attention.

10. **Spreadsheets**: Subject to the redaction provisions of ¶ 9, spreadsheets (*e.g.*, Excel and Excel-type files) shall be produced in their Native Format with a link in the NativeFile Metadata field, along with extracted text. For extracted text, the producing Party may need to unhide all rows and columns depending on what method is being used to extract text.

11. **Media Files**: All non-privileged video, animation, or audio files shall be produced in their Native Format. All video, animation, or audio files that a producing Party in good faith believes contains material protected by either the attorney-client privilege or attorney work product doctrine must be identified on a privilege log in the form agreed to by the Parties.

12. **Other File Types**: In some cases it may be necessary to produce documents in their Native Format because such documents cannot be rendered into TIFF format. In other cases, it may be necessary to alter a native file to create a format suitable for production purposes (*e.g.*, Lotus Notes objects, compiled web pages, etc.). If alteration of a Native Format file is necessary to create a format suitable for production, the Parties will discuss and agree upon an acceptable format.

13. **Specific Requests for Production of ESI in Native Format**: Other than the specific file types described above, after initial production of ESI in TIFF format, a Party must make a showing of good cause demonstrating particularized need for production of other ESI in its Native Format. In the event that a receiving Party requests production of Native Format ESI, the Parties shall negotiate in good faith about the timing, cost, and method of such production.

14. **De-Duplication of Non-Emails**: All non-email documents will be de-duplicated across Custodians prior to production, with an "AllCustodians" Metadata field identifying all the

custodians who possessed copies of the documents. "De-duplicated across Custodians" means that exact duplicates of documents (where the document family is identical), as identified by MD5 hash value, will not be produced.

15. **De-Duplication of Emails**: For emails, in addition to de-duplication across custodians, thread de-duplication may be applied prior to production. Thread de-duplication allows emails that are wholly contained in a later, surviving email, with all of the recipients and attachments contained, to be identified and suppressed from production. An email is only removed from production if 100% of the message body is contained, all addresses are included, and all attachments are included in a later email that is produced. When the latest version of an email thread is considered privileged and withheld from production, the Parties are obligated to "re-thread" the most complete non-privileged earlier emails in the thread and produce such non-privileged emails.

16. **De-Nisting of ESI**: The Parties may remove operating system files and program files with the assistance of their respective Information Technology vendors prior to conducting searches of such data in accordance with the National Software Reference Library De-Nisting Process.

17. **Placeholders**: In the event that any production contains documents that could not be rendered to TIFF, the producing Party will insert a numbered TIFF format placeholder page as a replacement for, and to identify, any document that could not be rendered to TIFF or produced for some other reason. The placeholder page(s) will bear the text "Document Cannot Be Rendered." Any file produced in its Native Format will be produced with an associated TIFF format placeholder with the text "Document Produced in Native Format."

18. **Production Media**: The Parties will produce document images, Native Format files, load files, and Metadata as encrypted data on DVD-ROM optical discs for Windows-compatible personal computers, Windows-compatible external hard drive employing the USB 2.0 interface, or other mutually agreeable media or via an FTP site. The Parties will meet and confer concerning the appropriate process for doing so.

19. **Original Documents**: Nothing in this Protocol shall eliminate or alter any Party's obligation to retain Native Format copies, including associated Metadata, of all ESI produced in this matter and original hard copy documents for all paper documents produced in the matter.

20. **Third-Party Software**: To the extent that documents produced pursuant to this Protocol cannot be rendered or viewed without the use of proprietary third-party software, the Parties shall meet and confer to minimize any expense or burden associated with the production of such documents in an acceptable format, including issues as may arise with respect to obtaining access to any such software and operating manuals which are the property of a third party.

21. **Processing Specifications**: The Parties shall use the following specifications when converting ESI from its Native Format into TIFF image files prior to its production:

    a. For Excel or other spreadsheet files that must be produced in TIFF image format for redactions, hidden columns, and rows shall be made visible.

    b. PowerPoint documents must be processed with hidden slides and speaker's notes unhidden.

The foregoing provisions do not in any way limit a producing Party's ability to make any necessary redactions, whether for privilege, confidentiality, and/or privacy.

22. **Production Specifications**: All documents will be produced according to the following Production Specifications.

    a. **Data Load Files**:

        i. Concordance (DAT, OPT, LFP):

            1. Version 10 for Unicode support.

        ii. DAT file:

            1. UTF-8 encoded Unicode to support foreign language.

        iii. Fields available in the DAT file (with standard Concordance delimiters):

            1. See Schedule A for list of fields.

        iv. Text files will not be provided within the DAT file.

b. **TIFF Specifications**:
   i. Black and white.
   ii. Single page.
   iii. CCITT Group IV FAX Compression.
   iv. 300 dots per inch.
c. **Native Format Specifications**: Prior to production, Native Format documents will be renamed with their appropriate Bates Numbers (as assigned to the corresponding placeholder) and confidentiality designation in the filename (*e.g.*, "Bates Number_confidentiality designation.file extension"), and a corresponding TIFF format placeholder bearing the text "Document Produced in Native Format."
d. **Endorsements**:
   i. Printed with a font size comparable to 10-point Arial.
   ii. Right footer: Bates Number.
   iii. Left Footer: Confidentiality legend.
      1. Legend values:
         a. HIGHLY CONFIDENTIAL
         b. CONFIDENTIAL
   iv. Redactions: White redactions with a border.
      1. Redaction types:
         a. Privilege.
         b. Privacy.
         c. Personnel issues.
         d. Regulatory compliance issues.
         e. Trade secrets and confidential information that would be protected under the Nevada Uniform Trade Secrets Act.
         f. Other.
      2. Redaction labels:

a. REDACTED – PRIVILEGE
b. REDACTED – PRIVACY
c. REDACTED – PERSONNEL
d. REDACTED – COMPLIANCE
e. REDACTED – OTHER

e. **Text Files**:
   i. One Unicode text file will be provided per document (named according to the beginning Bates Number for each document).
   ii. Text will be extracted from Native Format files when possible.
   iii. Text will be provided with scanned documents where such text can be obtained through OCR.
   iv. Text files will not contain page breaks.
   v. Placeholders (with the exception of placeholders for files produced in Native Format) will receive a text file matching the placeholder text.
   vi. Text files for redacted documents will be created from the redacted image.
   vii. OCR text will be provided for documents where text cannot be extracted.
   viii. Text files will support foreign characters for upload into Concordance Version 10.

f. **Sorting**:
   i. Keep source/attachments (families) together.

g. **Data Organization**:
   i. Images: 1000 TIFF files per folder; no more than 1000 subfolders per folder; root folder named "Images."
   ii. Text files: Will reside in a separate folder named "Full_Text."
   iii. Native Format files: Will reside in a separate folder named "Natives."
   iv. Data Load Files: Will reside in the root folder.

23. **Embedded Objects**: Embedded objects within files will be extracted and produced as families.

24. **Reservation of Rights**: Nothing contained herein, is intended to create a precedent for, or to constitute a waiver or relinquishment of, any Party's objections or arguments pertaining to any potential future ESI production(s). Nothing contained herein constitutes a waiver of any Party's rights or obligations under any law, including but not limited to laws regarding any matter or information that is or may be claimed to be privileged, confidential, proprietary, or otherwise personal or private.

25. **Modification**: Any agreement between the Parties to depart from the requirements of this Protocol as between those Parties must be memorialized in writing, signed by counsel for all Parties to the agreement, and promptly furnished to all Parties via email and U.S. mail. Such agreement does not relieve those Parties of their obligation to other Parties and to the Court pursuant to this Stipulation.

26. **Procedure for Amending or Obtaining Relief from the ESI Production Protocol**:

   a. Amendment: The Parties may, by mutual agreement, develop and employ production protocols which vary from those set forth above. In such an instance, they shall revise this Protocol and submit the new agreement for the Court's approval.

   b. Relief: Any Party may request relief from any obligation set forth in this Protocol. All such requests shall be in writing and submitted to the Court for consideration, with a copy of the request served to all Parties. Any Party may oppose any request for relief by submitting a written opposition to the Court, with a copy of the opposition served to all Parties, in accordance with LR 7-2.

///

27. **Cost Shifting:** Each Party expressly reserves the right to petition the Court to shift the cost of the production of ESI to the requesting Party.

DATED this 25th day of May 2017.

PISANELLI BICE PLLC

By: M. Magali Mercera
 James J. Pisanelli, Esq., Bar No. 4027
 Debra L. Spinelli, Esq., Bar No. 9695
 M. Magali Mercera, Esq., Bar No. 11742
 Brittnie T. Watkins, Esq., Bar No. 13612
 400 South 7th Street, Suite 300
 Las Vegas, Nevada 89101

*Attorneys for Defendant Paris Las Vegas Operating Company, LLC*

DATED this 25th day of May 2017.

CARBAJAL & MCNUTT, LLP

By: /s/ Matthew Wolf
 Dan McNutt, Esq., Bar No. 7815
 Matthew Wolf, Esq., Bar No. 10801
 CARBAJAL & MCNUTT, LLP
 625 S. 8th Street
 Las Vegas, Nevada 89101

*Attorneys for Plaintiff TPOV Enterprises 16, LLC*

**ORDER**

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATED: 5-25-2017

## Schedule A

| Field Name | Description | Required for |
|---|---|---|
| Production Begin Bates | Start Bates | All |
| Production End Bates | End Bates | All |
| Production Begin Attach | Family Start Bates | All |
| Production End Attach | Family End Bates | All |
| Page Count | Number of Attachments | All |
| Attachment Count | Number of Attachments | All |
| Confidentiality Branding | Confidentiality designation | All |
| Custodian | Custodian | All |
| Duplicate Custodian | All Custodian | All |
| Subject | Subject | E-mail only |
| Author | Author | Attachments/loose files |
| From | From | E-mail only |
| To | To | All |
| CC | CC | All |
| BCC | BCC | All |
| DateSent | Date Email Sent | Email only |
| DateReceived | Date Email Received | Email only |
| File Name | File Name | Attachments/loose files |
| File Extensions | File Extensions | Attachments/loose files |
| File Size | File Size | Attachments/loose files |
| DateCreated | Date file created | Attachments/loose files |
| DateModified | Date the file was last modified/saved | Attachments/loose files |
| Native File | Loading path for any native file | Any documents produced in Native Format |
| Text Path | Loading path for any text file | |
| Has Redactions | Can indicate if a document is redacted | Any documents produced with redactions |