UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TPOV ENTERPRISES 16, LLC, | Case No. 2:17-CV-346 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| PARIS LAS VEGAS OPERATING COMPANY, LLC, | |
| Defendant(s). | |

Presently before the court is defendant Paris Las Vegas Operating Company, LLC's ("Paris") motion to dismiss. (ECF No. 9). Plaintiff TPOV Enterprises 16, LLC ("TPOV 16") filed a response (ECF No. 11), to which Paris replied (ECF No. 12).

**I.  Facts**

This is a breach of contract case involving a restaurant in the Paris Hotel & Casino in Las Vegas. TPOV 16 alleges Paris breached a contract with TPOV 16 when it terminated the contract and continues to operate "Gordon Ramsay Steak" ("GR Steak"). (ECF No. 1). The contract was assigned to TPOV 16 by its predecessor-in-interest, TPOV Enterprises, LLC ("TPOV Enterprises"). (ECF No. 1 at 7).

In November 2011, TPOV Enterprises and Paris entered into a development and operation agreement ("TPOV agreement"). (ECF No. 1 at 2). Under the TPOV agreement, TPOV Enterprises was to provide $1,000,000.00 of capital and services for the design, development, construction, and operation of a restaurant, GR Steak, inside the Paris Hotel. (ECF No. 1). In exchange, TPOV Enterprises and Paris agreed upon a structure by which profits were disbursed and payments were provided. (ECF No. 1 at 5–6). As a condition precedent to entering into the

**James C. Mahan
U.S. District Judge**

TPOV agreement, Paris entered into an agreement with celebrity chef Gordon Ramsay ("Ramsay") "relating to the design, development, construction, and operation of [GR Steak]" ("Ramsay agreement"), under which Ramsay would be paid a percentage of the gross restaurant sales. (ECF No. 1 at 2–3).

Rowan Seibel was a member of TPOV Enterprises at the time of the TPOV agreement, and later pleaded guilty to one count of obstructing or impeding the due administration of the internal revenue laws under 26 U.S.C. § 7212(a). (ECF No. 1 at 3). After Mr. Seibel pleaded guilty, TPOV Enterprises allegedly assigned its interests under the TPOV agreement to TPOV 16, and "the direct or indirect membership interests in TPOV Enterprises held by Mr. Seibel would be assigned to The Seibel Family 2016 Trust." (ECF No. 1 at 7). Paris was allegedly notified of this and did not object. (ECF No. 1 at 7–8). Several months later, Paris terminated the TPOV agreement. (ECF No. 1 at 8). The purported termination was allegedly based on Paris's "rejection of the transfer to TPOV 16 and to the alleged unsuitability of Mr. Seibel." (ECF No. 1 at 8).

On February 3, 2017, TPOV 16 filed the underlying complaint, alleging five claims for relief: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) unjust enrichment; (4) declaratory relief; and (5) accounting. (ECF No. 1).

In the instant motion, Paris moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6), as well as Rule 12(b)(7) for failure to join Gordon Ramsay and Gordon Ramsay Holdings ("GRH") as necessary parties. (ECF No. 9). The court will address each as it sees fit.

**II.     Legal Standards**

*A.  Subject Matter Jurisdiction*

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir.1988)).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint, or a "factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). For a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Rule 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987). By contrast, when presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

### *B. Failure to State a Claim*

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic

recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### C. Failure to Join a Party

"Rule 12(b)(7) of the Federal Rules of Civil Procedure permits a party to defend by asserting that a party has not been joined pursuant to Rule 19." *Fed. Deposit Ins. Corp. v. Jones*, No. 2:13-CV-168-JAD-GWF, 2014 WL 4699511, at *11 (D. Nev. Sept. 19, 2014). Rule 19(a) is
James C. Mahan
U.S. District Judge

intended "to protect a party's right to be heard and to participate in adjudication of a claimed interest." *In re Republic of the Philippines*, 309 F.3d 1143, 1152 (9th Cir. 2002) (quoting *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992)) (internal quotation marks omitted).

Under Rule of 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

Rule 19(b) gives the court factors to consider to determine whether a party is necessary to an action. Fed. R. Civ. P. 19(b); *see also Schnabel v. Lui*, 302 F.3d 1023, 1029–30 (9th Cir. 2002). These include whether and the extent to which a judgment rendered in the person's absence might prejudice that person, the existing parties, and be adequate. Fed. R. Civ. P. 19(b)(1), (3). The court must also consider the extent to which it may lessen or avoid that prejudice including (A) protective provisions in the judgment, (B) shaping the relief, or (C) other measures. Fed. R. Civ. P. 19(b)(2). Finally, the court considers whether, in the event the action is dismissed, the plaintiff has an adequate remedy. Fed. R. Civ. P. 19(b)(4).

The threat that a nonparty's interest being impaired "may be minimized if the absent party is adequately represented in the suit." *Shermoen*, 982 F.2d at 1318, (9th Cir. 1992).

> Consequently, we will consider three factors in determining whether existing parties adequately represent the interests of the absent [party]: whether "the interests of a present party to the suit are such that it will undoubtedly make all" of the absent party's arguments; whether the party is "capable of and willing to make such arguments"; and whether the absent party would "offer any necessary element to the proceedings" that the present parties would neglect.

*Cnty. of Fresno v. Andrus*, 622 F.2d 436, 439 (9th Cir. 1980) (quoting *Shermoen*, 982 F.2d at 1318); *see also Martinez v. Clark Cnty.*, 846 F. Supp. 2d 1131 (D. Nev. 2012).

. . .

**James C. Mahan**
**U.S. District Judge**

## III. Discussion

### A. Subject Matter Jurisdiction

Diversity jurisdiction exists when there is complete diversity between the parties and the amount-in-controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. The parties do not dispute that the amount-in-controversy is satisfied. However, Paris argues a lack of complete diversity between the parties. (ECF No. 9).

"Diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (internal quotation marks omitted). TPOV 16 is owned by GR Pub/Steak Holdings, LLC ("GR Pub/Steak"), which is owned by Elite Acquisition, LLC ("Elite"), CNV Acquisition Group IV LLC ("CNV"), CPGR Acquisition LLC ("CPGR"), and the Siebel Family Trust. (*See* ECF No. 11). Paris, Elite, CPGR, CNV, GR Pub/Steak, and TPOV 16 are all limited liability corporations ("LLCs"), not corporations.

"[A] limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

Here, the Siebel Family Trust owns all of the TPOV 16's member LLCs. (ECF Nos. 11 at 9; 11-4; 11-5). The Siebel Family Trust consists of trustees Craig Green and Brian Ziegler and beneficiaries Netty Wachtel Slushny and Bryn Dorfman, all of whom are residents of New York. (ECF No. 11 at 9; 11-4; 11-5 at 2). Thus, the Siebel Family Trust is a citizen of New York. In addition to the Siebel Family Trust, Elite's members include Ali Ziegler Klein, Carly Ziegler, Craig Green and Brian K. Ziegler, all of whom are residents of the state of New York. (ECF Nos. 11 at 9; 11-4; 11-5).

As a result, TPOV 16 is a citizen of New York for the purposes of diversity jurisdiction.

Subject matter jurisdiction exists if defendant Paris Las Vegas Operating Company, LLC, is not a resident of New York. Paris is owned by Caesars Entertainment Corporation ("CEC"),

which is a Delaware corporation with a principal place of business in Nevada. (ECF Nos. 11 at 9; 12 at 3). Consequently, Paris is a citizen of Delaware and Nevada. (ECF Nos. 11 at 9; 12 at 3).

Accordingly, diversity jurisdiction exists because TPOV 16 (New York) and Paris (Delaware/Nevada) are completely diverse. Therefore, the court will deny Paris's motion to dismiss as to this issue.

### *B. Failure to Join Necessary Parties*

In the present motion, Paris argues TPOV 16 failed to join indispensable and necessary parties Ramsay and GRH. (ECF No. 9 at 7–10).

Taken as true, the facts pleaded in the complaint do not require Ramsay and GRH to be joined as necessary parties. TPOV 16 is suing solely on the breach of the TPOV agreement, rather than some "Unified agreement." (ECF No. 1). The assignment of the TPOV agreement has no bearing on the Ramsay agreement, so the two—on the face of the complaint—are treated as two separate contracts. (ECF No. 1). "A nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983) (citations omitted).

Consequently, the court can "accord complete relief among" TPOV 16 and Paris as it pertains to injuries, losses, and damages stemming from Paris's alleged breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Fed R. Civ. P. 19(a); (ECF No. 1 at 17–21). Ramsay and GRH do not have an interest in the outcome of the present suit such that their absence would impair or impede their ability to protect their interest in GR Steak. Fed R. Civ. P. 19(a). If a breach of contract between Paris and TPOV 16 were of sufficient interest to Ramsay and GRH, they could intervene as of right under Rule 24, which they have not done. Fed. R. Civ. P. 24.

Furthermore, Paris would not incur "double, multiple, or otherwise inconsistent obligations" if they were found to be liable to TPOV 16 for monetary damages for the alleged breach of contract. Fed R. Civ. P. 19(a). Accordingly, Ramsay and GRH are not necessary parties, and the motion to dismiss will denied as to this issue.

*C. Failure to State a Claim*

*1. Breach of Contract (claim 1)*

On the face of the complaint, TPOV 16 has sufficiently plead a breach of contract claim. Under Nevada law, "to succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." *Laguerre v. Nev. Sys. of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011) (citing *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.")).

TPOV 16 alleges a valid contract was formed between its predecessor, TPOV Enterprises, and Paris. (ECF No. 1 at 2). TPOV 16 alleges that its predecessor invested the $1,000,000.00 required by the TPOV agreement, that Paris has materially breached the contract by—amongst other things—refusing to repay TPOV Enterprises' initial investment, and that TPOV 16 has suffered damages as a result. (ECF No. 1 at 2–6, 17). The only point that Paris contests is the formation or existence of a valid contract between TPOV 16 and Paris. (ECF No. 9 at 11–13).

Paris contends it rejected TPOV's assignment to TPOV 16, which precludes the existence of a valid contract. (ECF No. 9 at 11–12). TPOV 16 alleges that an amendment to the contract allowed for TPOV Enterprises to assign its interest in the TPOV agreement. (ECF No. 1 at 7). Further, TPOV 16 alleges that (1) Paris was not entitled to object to the assignment of the TPOV agreement and, (2) Paris did not claim a right to nor did it object. (ECF No. 1 at 8).

The well pleaded facts in the complaint, taken as true, allege that "Paris had no basis to object to the assignment and the fact that Paris waived any right to contest the assignment of the TPOV agreement to TPOV 16 (because it made payments to TPOV 16 without objection and otherwise performed the TPOV agreement with TPOV 16)." (ECF No. 1 at 8–9). Whether Paris could or did reject the assignment is a factual dispute between the parties, which the court does not consider on a motion to dismiss. (ECF No. 9 at 12). Although Paris argues its "determination that Seibel is unsuitable is undisputable as a matter of law," TPOV 16 still pleaded facts on which

relief can be granted. (ECF No. 9 at 13). TPOV 16 alleges a valid assignment to TPOV that cured any affiliation with an unsuitable person then relief can be granted. (ECF No. 1 at 8–9).

Accordingly, Paris's motion to dismiss will be denied as to the first claim.

### *2. Implied Covenant of Good Faith and Fair Dealing (claim 2)*

In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989). This implied covenant requires that parties "act in a manner that is faithful to the purpose of the contract and the justified expectations of the other party." *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

"When one party performs a contract in a manner that is unfaithful to the purpose of the contract . . . damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991). A breach of the duty of good faith and fair dealing can occur "[w]here the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract." *Id.* at 922–23.

To prevail on a theory of breach of the covenant of good faith and fair dealing, a plaintiff must establish each of the following: (1) plaintiff and defendant were parties to a contract; (2) defendant owed a duty of good faith to plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

TPOV 16 adequately pleaded a claim for breach of the covenant of good faith and fair dealing. (ECF No. 1 at 18–20). The complaint, as discussed above, alleges a contract by assignment between TPOV 16 and Paris. (ECF No. 1 at 7). TPOV 16 alleges that—among other things—rejecting the assignment to TPOV 16, claiming TPOV 16 was unsuitable, claiming TPOV 16 was affiliated with someone who was unsuitable, and continuing to operate GR Steak show bad faith and constitutes breaches of Paris's duty under the contract so as to deny TPOV 16's expectations. (ECF No. 1 at 18–20). Moreover, TPOV 16 alleges that the purported termination of the contract itself was in bad faith, in violation of the duty Paris owed TPOV 16. (ECF No. 1 at 10–14).

James C. Mahan
U.S. District Judge

- 9 -

Like TPOV 16's first claim, Paris's only argument is that TPOV 16 is not a party to any contract with Paris that could support a claim for the breach of the covenant of good faith and fair dealing. (ECF No. 9 at 11–12). For the purpose of the instant motion to dismiss, there is a well pleaded claim for the breach of the covenant of good faith and fair dealing.

Accordingly, Paris's motion to dismiss will be denied as to this claim.

### *3. Unjust Enrichment (claim 3)*

Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortg. & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981); *see also Asphalt Prods. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995). To state an unjust enrichment claim, a plaintiff must plead and prove three elements:

> (1) a benefit conferred on the defendant by the plaintiff;
> (2) appreciation by the defendant of such benefit; and
> (3) an acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.

*Takiguchi v. MRI Int'l, Inc.*, 47 F. Supp. 3d 1100, 1119 (D. Nev. 2014) (citing *Unionamerica Mortg. & Equity Trust*, 626 P.2d at 1273). However, where there is an express contract, an unjust enrichment claim is unavailable. *Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975,* 942 P.2d 182, 187 (Nev. 1997) (finding that the existence of an express, written agreement bars an unjust enrichment claim because there can be no implied agreement). In the present case, TPOV 16 clearly refers to the TPOV agreement, which constitutes an express, written agreement, which would bar recovery under a theory of unjust enrichment. (ECF No. 1).

Alternatively, even if TPOV 16 is not a party to any express, written agreement, the face of the complaint alleges no benefit conferred on Paris by TPOV 16; the unjust enrichment claim alleges only the benefit conferred on Paris by TPOV. (ECF No. 1). If the assignment was proper, then TPOV 16 is a party to an express, written agreement. (ECF No. 1). If the assignment was not proper, then TPOV 16 lacks standing to bring an unjust enrichment claim, having conferred no benefit to Paris. (ECF No. 1).

Accordingly, the motion to dismiss will be granted as to claim three.

### *4. Accounting (claim 5)*

Finally, TPOV 16 alleges that the exact amount owed to it as a result of Paris's breach could be unknown because the accounts between the parties are complicated enough to warrant an accounting. (ECF No. 1 at 22).

> An action for an accounting may be brought to compel the defendant to account to the plaintiff for money or property (1) where a fiduciary relationship exists between the parties, or (2) where, even though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.

*Meixner v. Wells Fargo Bank, N.A.*, 101 F. Supp. 3d 938, 961 (E.D. Cal. 2015) (citing *Brea v. McGlashan*, 39 P.2d 877 (Cal. App. 1934)).

Here, TPOV 16 does not allege a fiduciary relationship. (ECF No. 1). As a result, the accounts in this case must be "so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Id.* The complaint alleges that a "waterfall provision" in the contract governed payments to TPOV 16. (ECF No. 1 at 5–7). The provision is enough to support an allegation that the accounts in this case are sufficiently complicated to require an accounting in order to ascertain how much of GR Steak's profits TPOV 16 is entitled to in addition to paying off the remainder of TPOV Enterprises' initial capital investment, if any, should there be a breach of contract. (ECF No. 1 at 5–7).

Accordingly, the motion to dismiss will be denied as to the fifth claim.

**IV.  Conclusion**

Based on the aforementioned, the court will dismiss, without prejudice, claim (3) of TPOV 16's complaint. (ECF No. 1).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Paris's motion to dismiss (ECF No. 9) be, and the same hereby is, DENIED IN PART and GRANTED IN PART, consistent with the foregoing.

DATED July 3, 2017

_____
UNITED STATES DISTRICT JUDGE