James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Debra L. Spinelli, Esq., Bar No. 9695
DLS@pisanellibice.com
M. Magali Mercera, Esq., Bar No. 11742
MMM@pisanellibice.com
Brittnie T. Watkins, Esq., Bar No. 13612
BTW@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone:  702.214.2100
Facsimile:  702.214.2101

*Attorneys for Paris Las Vegas Operating Company, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TPOV ENTERPRISES 16, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>PARIS LAS VEGAS OPERATING COMPANY, LLC, a Nevada limited liability company,<br><br>Defendant. | CASE NO. 2:17-cv-00346-JCM-VCF<br><br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY (Third Request)** |
| PARIS LAS VEGAS OPERATING COMPANY, LLC, a Nevada limited liability company,<br><br>Counterclaimant.<br><br>vs.<br><br>TPOV ENTERPRISES, LLC, a Delaware Limited Liability Company, TPOV ENTERPRISES 16, LLC, a Delaware Limited Liability Company, ROWEN SEIBEL, an individual.<br><br>Counter-defendants. | |

Plaintiff/Counterdefendants TPOV Enterprises 16, LLC ("TPOV 16"), TPOV Enterprises, LLC ("TPOV"), and Rowen Seibel ("Seibel") and Defendant/Counterclaimant Paris Las Vegas Operating Company, LLC ("Paris") by and through their undersigned counsel of record, request an

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

order modifying the parties' Joint Discovery Plan and Scheduling Order, (ECF No. 17), as amended November 3, 2017 (ECF No. 47).  This is the third stipulation to extend discovery.  In compliance with LR IA 6-1 and LR 26-4, the parties submit as follows:

1.     **STATEMENT OF DISCOVERY COMPLETED TO DATE.**

- The parties both served their initial disclosures on June 12, 2017.
- Paris served its first supplemental disclosures on June 14, 2017.
- TPOV 16 served its first supplemental disclosures on June 20, 2017.
- On September 22, 2017, the parties exchanged proposed search terms for electronic discovery.
- On October 4, 2017, the parties met and conferred on proposed search terms.
- On October 12, 2017, the parties exchanged revised search terms for electronic discovery.
- On October 12, 2017, the parties met and conferred on revisions to the proposed search terms.
- On October 23, 2017, TPOV 16 provided further revisions to search terms for electronic discovery.
- On October 31, 2017, Paris represented to TPOV 16 that Paris would be proceeding with running TPOV 16's search terms for electronic discovery and would present preliminary results to TPOV 16 in the near future.
- On November 9, 2017 TPOV 16 served its First Set of Request for Production of Documents on Paris.
- On December 4, 2017 TPOV 16 served its First Set of Interrogatories on Paris.
- On December 13, 2017, Paris served its Reponses to TPOV 16's First Set of Request for Production of Documents.
- On January 9, 2017, Paris served its Responses to TPOV 16's First Set of Interrogatories
- On January 16, 2018, TPOV 16 issued a subpoena to third-party Trisha Thompson.
- On January 16, 2018, TPOV 16 issued a subpoena to third-party Markita Thompson.

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1
2
- On February 1, 2018, Trisha Thompson served her objections to TPOV 16's subpoena.

3
4
- On February 1, 2018, Markita Thompson served her objections to TPOV 16's subpoena.

5
6
- On February 9, 2018, Paris requested additional revisions to the proposed search terms due to the volume of results.

7
8
- On February 12, 2018, TPOV 16 provided further revisions to search terms for electronic discovery.

9
10
- On February 22, 2018, Paris proposed categories of documents to respond to TPOV 16's discovery requests.

11
12
- On February 28, 2018, Paris served its First Set of Requests for Production of Documents to Seibel.

13
14
- On February 28, 2018, Paris served its First Set of Requests for Production of Documents to TPOV.

15
16
- On February 28, 2018, Paris served its First Set of Requests for Production of Documents to TPOV 16.

17
18
- On March 2, 2018, TPOV 16 agreed to Paris' proposed categories of documents to respond to TPOV 16's discovery requests.

19
20
- On April 3, 2018, TPOV served its Response to Paris' First Set of Requests for Production of Documents.

21
22
- On April 3, 2018, TPOV 16 served its Response to Paris' First Set of Requests for Production of Documents.

23
24
- On April 3, 2018, Seibel served his Response to Paris' First Set of Requests for Production of Documents.

25
26
- On April 4, 2018, TPOV 16 requested to provide categories of documents to respond to Paris' discovery requests.

27
28
- On April 4, 2018, Paris responded to TPOV 16's request regarding proposed categories of documents to respond to Paris' discovery requests.

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

- On April 6, 2018, TPOV and Seibel served their first production of documents.

- On May 4, 2018, Paris served its second supplemental disclosures.

- On May 7, 2018, Paris served its First Supplemental Responses to TPOV 16's First Set of Interrogatories.

**2.      SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED.**

The parties anticipate completing the production of documents, propounding and responding to additional requests for production, interrogatories, and requests for admissions, conducting depositions, engaging in expert discovery, and conducting third-party document and deposition discovery. Additionally, the parties are at an impasse on certain requests for discovery and anticipate motion practice to resolve the dispute.

**3.      DISCOVERY REMAINING CANNOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN.[1]**

Initially, the parties have agreed to extend the discovery cut-off deadline because a stay order was in place from the outset of the action. (ECF No. 23.) In particular, this Court's order provided for a stay of all discovery except initial disclosures and jurisdictional discovery. The stay was lifted on July 5, 2017, when the Court ruled on Paris' Motion to Dismiss. (ECF No. 30.) Since the stay was lifted, the parties entered into a Stipulated Protocol Governing Production of Electronically Stored Informed (ESI) and a Stipulated Confidentiality Agreement and Protective Order. (*See* ECF No. 26 and ECF No. 29.) Additionally, the parties have further exchanged search terms, begun rolling productions of supplemental documents, served written discovery, and begun discussing depositions. Through these discussions, the parties have determined that more time than originally anticipated is necessary to complete discovery. The current July 9, 2018 discovery cut-off does not provide sufficient time for the parties to engage in and complete discovery. An

---

[1]      On April 4, 2018, Paris filed a Motion to Stay this action pending resolution of a parallel state court action. (ECF No. 49.) This stipulation is independent of and unrelated to the Motion to Stay as the parties intend continue conducting discovery until the Court issues a decision on that Motion.

extension of the discovery cut-off date to January 9, 2019 will provide both parties with the time needed to conduct and complete discovery.

**4**.    <u>**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**</u>.

The parties have agreed to a discovery cut-off date of January 9, 2019 with corresponding deadlines as follows:

|  | **Current Deadline Date** | **Proposed Deadline Date** |
|---|---|---|
| **Discovery Cut-off** | July 9, 2018 | January 9, 2019 |
| **Amend Pleadings/Add Parties** | April 10, 2018 | No Change |
| **Expert Disclosures** | May 10, 2018 | November 13, 2018 |
| **Rebuttal Expert Disclosures** | June 11, 2018 | December 11, 2018 |
| **Dispositive Motions** | August 8, 2018 | February 8, 2019 |
| **Interim Status Report** | May 10, 2018 | November 13, 2018 |
| **Pre-Trial Order** | September 7, 2018 | March 7, 2019 |

If dispositive motions are filed, the joint pretrial order shall be due thirty (30) days from the entry of the court's rulings on the motions or by further order of the court.  *See* LR 26-1(b)(5).

**5**.    <u>**GOOD CAUSE EXISTS TO EXTEND TIME TO COMPLETE DISCOVERY.**</u>

A stipulation to extend discovery deadlines must be supported by a showing of good cause. LR 26-4; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017).  "The good cause inquiry focuses primarily on the [parties'] diligence."  *Derosa v. Blood Sys., Inc.*, No. 2:13-CV-0137-JCM-NJK, 2013 WL 3975764, at *1 (D. Nev. Aug. 1, 2013) (citation omitted).  If, despite the parties' diligence, discovery cannot reasonably be completed within the deadlines, good cause to extend discovery exists.  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  Where an extension is requested less than twenty-one (21) days before expiration of a deadline, a showing of excusable neglect must be made.  LR 26-4; *Derosa*, 2013 WL 3975764, at *1. "[W]hether neglect is excusable is an equitable [question] that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

*Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000); *Derosa*, 2013 WL 3975764, at *1 (applying Rule 60(b)(1)'s definition of excusable neglect to LR 26-4).

The parties have been diligent in pursuing discovery. As stated above, a stay order prohibited the parties from doing all but producing initial disclosures and engaging in jurisdictional discovery. Since the stay was lifted and the previous scheduling order was entered, the parties have agreed to the form of production for ESI, refined specific search terms in furtherance of ESI production, served thousands of pages of documents, propounded to and responded to written discovery, and engaged in meet and confers regarding certain discovery disputes. Despite the diligence of all parties, the parties have determined that more time than originally anticipated is necessary for discovery. Indeed, despite the parties' diligence, discovery cannot reasonably be completed within the deadlines, and good cause to extend discovery deadlines exists.

Any neglect assigned to the parties is excusable. First, there is no danger of prejudice. Both parties agree that it is in their best interests to extend discovery deadlines. Second, the length of the delay will not substantively impact the proceedings as the parties have been and continue to actively conduct discovery. Third, the parties' delay in submitting the stipulation is excusable. The parties have been engaged in motion practice in a related case pending before the Eighth Judicial District Court, including the briefing of a motion to dismiss and Paris and its related parties opposing multiple motions to dismiss in that proceeding, which were resolved on May 1, 2018. Finally, the parties have acted in good faith. The parties met and conferred regarding an extension to the deadlines and intended to submit a stipulation following the resolution of the motions being addressed in the Eighth Judicial District Court.

/ / /

/ / /

This proposed Stipulation and Order to extend deadlines for discovery is made in good faith, with good cause, and not for purposes of unduly delaying discovery or trial. In light of the stay order, the voluminous number of documents to be reviewed as a result of the exchanged search terms, and the simultaneous motion practice in related proceedings, extension of the discovery deadlines is warranted. Therefore, the parties respectfully request that this Court grant the requested discovery extension.

DATED this 10th day of May 2018.

PISANELLI BICE PLLC

By: _/s M. Magali Mercera_
James J. Pisanelli, Esq., Bar No. 4027
Debra L. Spinelli, Esq., Bar No. 9695
M. Magali Mercera, Esq., Bar No. 11742
Brittnie T. Watkins, Esq., Bar No. 13612
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Paris Las Vegas Operating Company, LLC*

DATED this 10th day of May 2018.

MCNUTT LAW FIRM, P.C.

By: _/s/ Dan McNutt_
Dan McNutt, Esq., Bar No. 7815
Matthew Wolf, Esq., Bar No. 10801
625 S. 8th Street
Las Vegas, Nevada 89101

CERTILMAN BALIN ADLER & HYMAN, LLP

By: _/s/ Paul Sweeney_
Paul Sweeney, Esq. (admitted *pro hac vice*)
90 Merrick Avenue, 9th Floor
East Meadow, NY 11544

*Attorneys for TPOV Enterprises 16, LLC, TPOV Enterprises, LLC, and Rowen Seibel*

**ORDER**

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATED: May 10, 2018

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101