# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

TPOV ENTERPRISES 16, LLC,

        Plaintiff,

vs.

PARIS LAS VEGAS OPERATING COMPANY, LLC,

        Defendant.

And all related matters.

2:17-cv-00346-JCM-VCF

**ORDER**

MOTION TO COMPEL DISCOVERY [ECF NO. 56] AND MOTION TO SEAL [ECF NO. 62]

Before the Court are Plaintiff TPOV Enterprise 16, LLC's ("TPOV 16") Motion to Compel Responses to Interrogatories (ECF No. 56), Defendant Paris Las Vegas Operating Co., LLC's ("Paris") redacted Response (ECF No. 58), and redacted appendix (ECF No. 59).[1] Paris also filed a Motion to Redact Portions of its Opposition to Motion to Compel Responses to Interrogatories and Seal Exhibits (ECF No. 62) and an un-redacted response and appendix (ECF Nos. 60 and 61). For the following reasons, the Court grants the motion to compel in part and grants Paris's motion to seal.

## I. BACKGROUND

In November 2011, TPOV, a Delaware limited liability corporation, and its then principal, Rowan Siebel, contracted with Paris to develop Gordon Ramsey's Steakhouse ("Steakhouse") in the Paris Las Vegas hotel. (ECF No. 56 at 2). The contract contained a provision that gave Paris "the right to terminate this Agreement and its relationship with TPOV" if TPOV associated with an unsuitable person.[2] (ECF No. 57-2 at 24).

---

[1] To promote transparency, the Court will cite Paris's unsealed motions, ECF Nos. 58 and 59.
[2] The parties' definition of "unsuitable" can be found at ECF No. 57-1 at 11.

In April 2016, Siebel was charged with one count of tax fraud. (ECF No. 58 at 3). Shortly thereafter, TPOV assigned all of its interests in the Steakhouse to TPOV 16, managed solely by Craig Green, and Siebel assigned his shares in TPOV to The Siebel Family 2016 Trust (an irrevocable trust), of which Siebel is neither a trustee nor beneficiary. (ECF No. 1 at 1, 3; ECF No. 56 at 4).[3] TPOV and Siebel did not inform Paris of the tax fraud charge at that time. (ECF No. 58 at 3). Paris learned about the charge in August 2016, when the media reported Siebel pled guilty and was sentenced for the charge. (*Id.*).

In September 2016, Paris terminated the contract without buying TPOV 16's shares or closing the restaurants, contrary to the termination provision in the contract. (ECF No. 56 at 2). Paris determined TPOV 16 is "unsuitable" because of its affiliation with Siebel. (*Id.* at 4). Paris also determined The Siebel Family 2016 Trust is "unsuitable" for the same reason. (*Id.*). TPOV 16 claims Paris breached the contract and violated the implied covenant of good fair and fair dealing. (*Id.* at 5). Paris counterclaimed, alleging that TPOV 16 breached the contract and implied covenant of good faith and fair dealing. (ECF No. 33 at 18-19).

In the present motion, TPOV 16 seeks an order to compel Paris to answer in full Interrogatory No. 4 and reimburse them for the fees and costs associated with the motion. (ECF No. 56 at 2). The interrogatory states: "Identify each instance in the past 15 years in which the Compliance Committee has determined a person to be unsuitable by name of the person, the date the determination was made, the basis or grounds on which the determination was made." (*Id.*). TPOV 16 argues that the question is relevant to the implied covenant of good faith and fair dealings claim and believes the parties' protective order (ECF No. 29) mitigates the privacy concerns of third parties. (*Id.* at 8-11).

Paris contends that the question is an overbroad "attempt to gain irrelevant, private, third-party information." (ECF No. 58 at 1). According to Paris, TPOV agreed the interrogatory was overbroad during the meet and confer process and "agreed to narrow the time frame of the interrogatory to 10 years." (*Id.* at 2). Paris and TPOV/TPOV 16 were only in business for seven years, making some of the previous

---

[3] Craig Green and Brian K. Ziegler are the trustees for The Siebel Family 2016 Trust.

eight years irrelevant. (*Id.*). Paris offered to provide TPOV 16 "with unsuitability determination information for the past 10 years including the date of such determinations, the category (*i.e.*, whether it was a restaurant, retail, joint venture, etc.), and the reason why particular individuals/entities were found unsuitable." (*Id.*). Paris requests that TPOV 16's motion be denied or narrowed to the terms offered during the meet and confer process. (*Id.* at 11-12).

The Court issued an order regarding the stipulated confidentiality agreement and protective order that allows parties to file documents that contain confidential or highly confidential information with the Court under seal, pursuant to LR IA 1-5. (ECF No. 29 at 10) Paris filed redacted and un-redacted responses and a motion to seal under the terms of the protective order. (ECF No. 62). The motion to seal argues that ECF Nos. 60 and 61, the un-redacted responses, contain non-public, confidential business information and should remain under seal. ECF Nos. 58 and 59 contain almost all of the information in the sealed versions.

## II. LEGAL STANDARDS

### A. Motion to Compel

When considering a motion to compel, the Court assesses if the information is privileged and the proportionality of the request. Federal Rule of Civil Procedure 26(b)(1) states that, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26 is liberally construed. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). Federal Rule of Civil Procedure 33(a)(2) allows a party to use interrogatories to ask about "any subject that may be inquired into under Rule 26(b)." Each question "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

If a party objects to an interrogatory, the opposing party "may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B)(iii). The moving party must certify that the parties, in good faith, conferred and attempted to resolve the dispute without assistance from the court. Fed. R. Civ. P. 37(a)(1).

### B. Motion to Seal

"Courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & County of Honolulu*, 447 F.3d, 1172, 1178 (9th Cir. 2006) (internal citations and quotations omitted). The Ninth Circuit begins with "a strong presumption in favor of access." *Id.* However, the public's right to access is "not absolute." *Id.*

Federal Rule of Civil Procedure 26(c) allows the Court to issue a protective order to govern discovery, as necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." The protective order can require parties to file documents or information under seal. Fed. R. Civ. P. 26(c)(1)(H). Under LR IA 10-5(a), a party must file documents under seal alongside a motion for leave to file under seal. The court may then grant the motion or direct the unsealing of the documents. LR IA 10-5(b).

### III. DISCUSSION

A. <u>Motion to Compel</u>

TPOV 16 wants to know the exact identities of individuals and entities Paris has deemed unsuitable to see if Paris treated TPOV 16 the same as other similarly situated individuals/entities: entities with whom the Paris had an existing contractual relationship, were not involved in gaming activities or revenues, were assigned a contract by an allegedly unsuitable person, and/or was owned by an irrevocable trust where the unsuitable person did not have a role. (ECF No. 56 at 9). The exact identities of the parties are not necessary nor proportional to the needs of this case because the information TPOV 16 seeks can be provided without identifying the third parties. While the privacy concerns of third parties are addressed by the protective order, there is no reason to disclose the individuals/entities when it is irrelevant to the case.

In addition to the information Paris proposed providing at the parties' meet and confer (unsuitability determination information for the past ten years, date of the determinations, category of the individual/entity's business, and the reason why particular individuals/entities were found unsuitable, including association with unsuitable parties), Paris must also provide TPOV 16 with the following:

1. The timing of the unsuitability determination—whether it came prior to establishing contractual relationship or after creating a contractual relationship and what happened to the contract;
2. Assignment of the contract from an allegedly unsuitable party to another entity; and
3. Ownership by trusts potentially affiliated with unsuitable persons.

This information will allow TPOV 16 to make the relevant comparisons.

TPOV 16 did not explain why it needs information dating back fifteen years instead of the ten year period proposed by Paris during the meet and confer and its response. The Court finds information dating back more than ten years is not proportional to the case and will limit the disclosures to the past ten years.

When a motion to compel is granted in part, Federal Rule of Civil Procedure 37(a)(5)(C) allows the Court to give parties an opportunity to be heard and then apportion reasonable expenses for the motion. In this case, given that the Court's decision largely mirrors the terms Paris offered TPOV 16 in the meet and confer process, awarding attorneys' fees and costs would be unreasonable.

B. <u>Motion to Seal</u>

Paris seeks to seal ECF Nos. 60 and 61, pursuant to Sections 5 and 7 of the protective order, (ECF No. 29), because ECF Nos. 60 and 61 discuss Exhibits 1, 4, and 6.[4] Paris alleges that the exhibits contain confidential, non-public information. TPOV 16 did not file a response to Paris's motion. Under LR 7-2(d), the Court will assume that TPOV 16 consents to the motion.

After reviewing Exhibits 1 and 6, the Court agrees that the exhibits include confidential, non-public communication between Paris and the Nevada Gaming Board. Exhibit 4, the Development, Operation, and License Agreement with Gordon Ramsay Limited, is non-public business information.

---

[4] Section 5 of the Protective Order defines "confidential information" as "all information that constitutes, reflects, or discloses nonpublic information, trade secrets, know-how, or other financial, proprietary, commercially sensitive, confidential business, marketing, regulatory, or strategic information (regarding business plans or strategies, technical data, and nonpublic designs), the disclosure of which the Producing Party believes in good faith might reasonably result in economic or competitive, or business injury to the Producing Party … and which is not publicly know and cannot be ascertained from an inspection of publically available sources, documents or material." (ECF No. 29 at 3).

Therefore, the Court will allow ECF Nos. 60 and 61 to be filed under seal. Because most of the information is included in the unsealed versions (ECF Nos. 58 and 59), sealing the documents will protect confidential information without denying the public access to court documents unnecessarily.

## IV.  CONCLUSION

Paris must provide TPOV 16 with information about unsuitability determinations made over the past ten years, including: the date of the determination, the category; the reasons for the unsuitability determinations; already-existing contractual relationships between Paris and the unsuitable party; assignment of the contract; and ownership by trusts. This information will allow TPOV 16 to compare Paris's treatment of it to the treatment of other similar entities. Paris's reply and appendix (ECF Nos. 60 and 61) include confidential information and will remain sealed.

ACCORDINGLY, and for good cause shown,

IT IS ORDEDED that TPOV 16's Motion to Compel Responses to Interrogatories (ECF No. 56) is GRANTED IN PART.

IT IS FURTHER ORDERED that, on or before July 12, 2018, Paris must provide TPOV 16 with the following information about all unsuitability determinations made in the past ten years: the date of the determination, the category of the individual/entity, the reasons for the unsuitability determination, any contracts with entities owned by trusts potentially affiliated with unsuitable persons, any already-existing contractual relationships between Paris and unsuitable parties and the status of those contracts.

IT IS FURTHER ORDERED that Paris's Motion to Redact Portions of its Opposition to Motion to Compel Responses to Interrogatories and Seal Exhibits (ECF No. 62) is GRANTED.

DATED this 21st day of June, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE