James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
Debra L. Spinelli, Esq., Bar No. 9695
DLS@pisanellibice.com
M. Magali Mercera, Esq., Bar No. 11742
MMM@pisanellibice.com
Brittnie T. Watkins, Esq., Bar No. 13612
BTW@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100

*Attorneys for Paris Las Vegas Operating Company, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TPOV ENTERPRISES 16, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br>vs.<br><br>PARIS LAS VEGAS OPERATING COMPANY, LLC, a Nevada limited liability company,<br><br>Defendant. | CASE NO. 2:17-cv-00346-JCM-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY (Sixth Request)** |
| PARIS LAS VEGAS OPERATING COMPANY, LLC, a Nevada limited liability company,<br><br>Counterclaimant.<br>vs.<br><br>TPOV ENTERPRISES, LLC, a Delaware Limited Liability Company, TPOV ENTERPRISES 16, LLC, a Delaware Limited Liability Company, Rowen Siebel, an individual.<br><br>Counter-defendants. | |

Plaintiff/Counterdefendants TPOV Enterprises 16, LLC ("TPOV 16"), TPOV Enterprises, LLC ("TPOV"), and Rowen Seibel ("Seibel") and Defendant/Counterclaimant Paris Las Vegas Operating Company, LLC ("Paris") by and through their undersigned counsel of record, request an

1

order modifying the parties' Joint Discovery Plan and Scheduling Order, (ECF No. 17), as amended November 3, 2017 (ECF No. 47), May 10, 2018 (ECF No. 55), November 13, 2018 (ECF No. 68), and February 6, 2019 (ECF 84). This is the sixth stipulation to extend discovery. In compliance with LR IA 6-1 and LR 26-4, the parties submit as follows:

1. **STATEMENT OF DISCOVERY COMPLETED TO DATE.**

- The parties both served their initial disclosures on June 12, 2017.
- Paris served its first supplemental disclosures on June 14, 2017.
- TPOV 16 served its first supplemental disclosures on June 20, 2017.
- On September 22, 2017, the parties exchanged proposed search terms for electronic discovery.
- On October 4, 2017, the parties met and conferred on proposed search terms.
- On October 12, 2017, the parties exchanged revised search terms for electronic discovery.
- On October 12, 2017, the parties met and conferred on revisions to the proposed search terms.
- On October 23, 2017, TPOV 16 provided further revisions to search terms for electronic discovery.
- On October 31, 2017, Paris represented to TPOV 16 that Paris would be proceeding with running TPOV 16's search terms for electronic discovery and would present preliminary results to TPOV 16 in the near future.
- On November 9, 2017 TPOV 16 served its First Set of Request for Production of Documents on Paris.
- On December 4, 2017 TPOV 16 served its First Set of Interrogatories on Paris.
- On December 13, 2017, Paris served its Reponses to TPOV 16's First Set of Request for Production of Documents.
- On January 9, 2017, Paris served its Responses to TPOV 16's First Set of Interrogatories.

- On January 16, 2018, TPOV 16 issued a subpoena to third-party Trisha Thompson.
- On January 16, 2018, TPOV 16 issued a subpoena to third-party Markita Thompson.
- On February 1, 2018, Trisha Thompson served her objections to TPOV 16's subpoena.
- On February 1, 2018, Markita Thompson served her objections to TPOV 16's subpoena.
- On February 9, 2018, Paris requested additional revisions to the proposed search terms due to the volume of results.
- On February 12, 2018, TPOV 16 provided further revisions to search terms for electronic discovery.
- On February 22, 2018, Paris proposed categories of documents to respond to TPOV 16's discovery requests.
- On February 28, 2018, Paris served its First Set of Requests for Production of Documents to Seibel.
- On February 28, 2018, Paris served its First Set of Requests for Production of Documents to TPOV.
- On February 28, 2018, Paris served its First Set of Requests for Production of Documents to TPOV 16.
- On March 2, 2018, TPOV 16 agreed to Paris' proposed categories of documents to respond to TPOV 16's discovery requests.
- On April 3, 2018, TPOV served its Response to Paris' First Set of Requests for Production of Documents.
- On April 3, 2018, TPOV 16 served its Response to Paris' First Set of Requests for Production of Documents.
- On April 3, 2018, Seibel served his Response to Paris' First Set of Requests for Production of Documents.

- On April 4, 2018, Paris filed a Motion to Stay Pending Resolution of Parallel State Court Action (ECF No. 49).
- On April 4, 2018, TPOV 16 requested to provide categories of documents to respond to Paris' discovery requests.
- On April 4, 2018, Paris responded to TPOV 16's request regarding proposed categories of documents to respond to Paris' discovery requests.
- On April 6, 2018, TPOV and Seibel served their first production of documents.
- On May 4, 2018, Paris served its second supplemental disclosures.
- On May 7, 2018, Paris served its First Supplemental Responses to TPOV 16's First Set of Interrogatories.
- On May 24, 2018, TPOV 16 filed its Motion to Compel Responses to Interrogatories (ECF No. 56).
- On June 21, 2018, the Court granted, in part, and denied, in part, TPOV 16's Motion to Compel Responses to Interrogatories (ECF No. 64).
- On July 12, 2018, Paris served its Second Supplemental and Amended Responses to Plaintiffs' Interrogatories.
- On August 3, 2018, TPOV and Seibel served eight (8) notices of deposition on Paris.
- On August 3, 2018, TPOV and Seibel served its Second Supplemental Initial Disclosures.
- On October 19, 2018, Paris served its Third Supplemental and Amended Responses to Plaintiffs' Interrogatories.
- On October 22, 2018, the Court denied Paris' Motion to Stay Pending Resolution of Parallel State Court Action (ECF No. 65).
- On December 5, 2018, TPOV 16 served its First Set of Requests for Production of Documents to Paris.
- On December 5, 2018, TPOV 16 issued a subpoena to third-party Gordon Ramsay.
- On December 5, 2018, TPOV 16 issued a subpoena to third-party Gordon Ramsay Holdings, Ltd.

- On December 12, 2018, TPOV 16 filed its Motion to Compel Responses to Subpoenas Duces Tecum (ECF No. 69).
- On December 12, 2018, Trisha Thompson and Markita Thompson filed their Motion to Quash Deposition Subpoenas or for Protective Order (ECF No. 71).
- On December 13, 2018, TPOV 16 served its third supplemental disclosures.
- On December 20, 2018, Paris served its First Set of Requests for Admission to TPOV.
- On December 20, 2018, Paris served its First Set of Requests for Admission to Rowen Seibel.
- On December 20, 2018, Paris served its First Set of Interrogatories to TPOV 16.
- On December 20, 2018, Paris served its First Set of Interrogatories to TPOV.
- On December 20, 2018, Paris served its First Set of Interrogatories to Rowen Seibel.
- On December 31, 2018, Gordon Ramsay served his objections to TPOV 16's subpoena.
- On December 31, 2018, Gordon Ramsay Holdings, Ltd. served its objections to TPOV 16's subpoena.
- On January 4, 2019, Paris served its responses to TPOV 16's Second Set of Requests for the Production of Documents.
- On January 22, 2019, TPOV served its responses to Paris' first set of requests for admission.
- On January 22, 2019, Rowen Seibel served his responses to Paris' first set of requests for admission.
- On January 22, 2019, TPOV 16 served its responses to Paris' first set of interrogatories.
- On January 22, 2019, TPOV served its responses to Paris' first set of interrogatories.

- On January 22, 2019, Rowen Seibel served his responses to Paris' first set of interrogatories.
- The parties filed their Joint Interim Status Report on February 11, 2019.
- On January 24, 2019, Paris served its fourth supplemental disclosures.
- On February 28, 2019 Paris and nonparties Trisha Thompson and Markita Thompson served declarations to TPOV 16 pursuant to the Court's Order entered on January 29, 2019 (ECF 83).
- On March 5, 2019, TPOV, TPOV 16, and Seibel served their final supplemental disclosures.
- The parties have also discussed scheduling dates for 20 witnesses[1]:

2. **SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED**.

The parties anticipate completing the production of documents, serving privilege logs, propounding and responding to additional written discovery, conducting depositions, engaging in expert discovery, and conducting third-party document and deposition discovery.

3. **DISCOVERY REMAINING CANNOT BE COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN**.

Initially, the parties agreed to extend the discovery cut-off deadline because a stay order was in place from the outset of the action. (ECF No. 23.) In particular, this Court's order provided for a stay of all discovery except initial disclosures and jurisdictional discovery. The stay was lifted on July 5, 2017, when the Court ruled on Paris' Motion to Dismiss. (ECF No. 30.) Since the stay was lifted, the parties entered into a Stipulated Protocol Governing Production of Electronically Stored Informed (ESI) and a Stipulated Confidentiality Agreement and Protective Order. (*See* ECF No. 26 and ECF No. 29.) Additionally, the parties have exchanged search terms, continued to make rolling productions of supplemental documents, served and responded to written discovery, met and conferred on multiple occasions to resolve discovery disputes, engaged in motion practice regarding

---

[1] The parties reserve all rights as to specific objections to these depositions.

discovery disputes, and begun discussing and noticing depositions. In addition, on or about August 9, 2018, the parties agreed to attempt to resolve this action, as well as a number of related actions through mediation. The mediation was held on October 12, 2018. This action was not resolved.

The parties previously agreed to tiered discovery, so that expert discovery would proceed after fact discovery was completed. To that end, the parties are in the process of scheduling 20 depositions before the close of fact discovery. While scheduling is ongoing, there are several factors that have hampered the parties' efforts, including the witnesses' availability, the location of the witnesses (several witnesses are located outside of the jurisdiction and will require travel), and counsel's availability. In order to allow sufficient time to complete fact discovery, the parties propose extending the present deadlines by 30 days to provide both parties with the time needed to complete fact discovery in advance of expert discovery.

4. **PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**.

The parties have agreed to a fact discovery cut-off date of May 9, 2019 and an expert discovery cut-off date of July 8, 2019, with corresponding deadlines as follows:

|  | **Current Deadline Date** | **Proposed Deadline Date** |
| --- | --- | --- |
| **Fact Discovery Cut-off** | April 9, 2019 | May 9, 2019 |
| **Amend Pleadings/Add Parties** | April 10, 2018 | No Change |
| **Expert Disclosures** | May 9, 2019 | June 7, 2019 |
| **Rebuttal Expert Disclosures** | June 7, 2019 | July 8, 2019 |
| **Dispositive Motions** | August 9, 2019 | September 6, 2019 |
| **Interim Status Report** | February 11, 2019 | No Change |
| **Pre-Trial Order** | September 6, 2019 | October 6, 2019 |

If dispositive motions are filed, the joint pre-trial order shall be due thirty (30) days from the entry of the court's rulings on the motions or by further order of the court. *See* LR 26-1(b)(5).

### 5. **GOOD CAUSE EXISTS TO EXTEND TIME TO COMPLETE DISCOVERY**.

A stipulation to extend discovery deadlines must be supported by a showing of good cause. LR 26-4; *Branch Banking & Tr. Co. v. D.M.S.I.*, LLC, 871 F.3d 751, 764 (9th Cir. 2017). "The good cause inquiry focuses primarily on the [parties'] diligence." *Derosa v. Blood Sys., Inc.*, No. 2:13-CV-0137-JCM-NJK, 2013 WL 3975764, at *1 (D. Nev. Aug. 1, 2013) (citation omitted). If, despite the parties' diligence, discovery cannot reasonably be completed within the deadlines, good cause to extend discovery exists. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Where an extension is requested less than twenty-one (21) days before expiration of a deadline, a showing of excusable neglect must be made. LR 26-4; *Derosa*, 2013 WL 3975764, at *1. "[W]hether neglect is excusable is an equitable [question] that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000); *Derosa*, 2013 WL 3975764, at *1 (applying Rule 60(b)(1)'s definition of excusable neglect to LR 26-4).

The parties have been diligent in pursuing discovery. As stated above, a stay order prohibited the parties from doing all but producing initial disclosures and engaging in jurisdictional discovery. Since the stay was lifted and the previous scheduling order was entered, the parties have agreed to the form of production for ESI, refined specific search terms in furtherance of ESI production, served thousands of pages of documents, propounded to and responded to written discovery, engaged in meet and confers regarding certain discovery disputes, engaged in motion practice regarding discovery disputes, and served deposition notices. Additionally, the parties agreed to a mediation in October 2018 to attempt resolve this action as well as related action. After the mediation was unsuccessful, the parties are reengaging in discovery. Despite the diligence of all parties, the parties have determined that more time than originally anticipated is necessary to complete fact discovery. Indeed, despite the parties' diligence, discovery cannot reasonably be completed within the deadlines, and good cause to extend discovery deadlines exists.

Any neglect assigned to the parties is excusable. First, there is no danger of prejudice. Both parties agree that it is in their best interests to extend discovery deadlines. Second, the length of the delay will not substantively impact the proceedings as the parties have been and continue to actively conduct discovery. Third, the parties' delay in submitting the stipulation is excusable as they have continued to actively engage in discovery. Finally, this proposed Stipulation and Order to extend deadlines for discovery is made in good faith, with good cause, and not for purposes of unduly delaying discovery or trial. Therefore, the parties respectfully request that this Court grant the requested discovery extension.

DATED this 18th day of March, 2019.

PISANELLI BICE PLLC

By: /s/ M. Magali Mercera
    James J. Pisanelli, Esq., Bar No. 4027
    Debra L. Spinelli, Esq., Bar No. 9695
    M. Magali Mercera, Esq., Bar No. 11742
    Brittnie T. Watkins, Esq., Bar No. 13612
    400 South 7th Street, Suite 300
    Las Vegas, Nevada 89101

*Attorneys for Paris Las Vegas Operating Company, LLC*

DATED this 18th day of March, 2019.

MCNUTT LAW FIRM, P.C.

By: /s/ Dan McNutt
    Dan McNutt, Esq., Bar No. 7815
    Matthew Wolf, Esq., Bar No. 10801
    625 S. 8th Street
    Las Vegas, Nevada 89101

CERTILMAN BALIN ADLER & HYMAN, LLP

By: /s/ Joshua Feldman
    Paul Sweeney, Esq. (admitted *pro hac vice*)
    Joshua Feldman, Esq. (admitted *pro hac* vice)
    Nicole Milone, Esq. (admitted *pro hac* vice)
    90 Merrick Avenue, 9th Floor
    East Meadow, New York 11554

*Attorneys for TPOV Enterprises 16, LLC, TPOV Enterprises, LLC and Rowen Seibel*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 3-19-2019