UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TPOV ENTERPRISES 16, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>PARIS LAS VEGAS OPERATING COMPANY, LLC,<br><br>Defendant(s). | Case No. 2:17-CV-346 JCM (VCF)<br><br>ORDER |

Presently before the court is Magistrate Judge Ferenbach's order (ECF No. 125) denying counter-defendants Rowen Siebel, TPOV Enterprises 16, LLC, and TPOV Enterprises, LLC's (collectively "TPOV") motion for protective order (ECF No. 99) and granting counter-claimant Paris Las Vegas Operating Company, LLC's ("Paris") countermotion to compel and for sanctions (ECF No. 119). TPOV objected and moved for reconsideration (ECF No. 135), and Paris filed a response (ECF No. 137).

Also before the court is TPOV's motion for leave to file a reply (ECF No. 139), which Paris moves to strike (ECF No. 142). TPOV responded to Paris's motion to strike. (ECF No. 148).

**I.      Background**

The instant action arises from a contractual dispute between TPOV and Paris regarding the Gordon Ramsay Steak Restaurant. The parties are aware of the facts of this dispute, so the court need not reiterate them at length. As relevant to the instant dispute, the parties have had ongoing problems conducting discovery. (*See generally* ECF Nos. 99; 106; 110; 114; 115; 119; 135; 137; 139; 142; 148).

**James C. Mahan**
**U.S. District Judge**

In particular, the instant motion for protective order and countermotion to compel and for sanctions arise from TPOV cancelling the deposition of its Rule 30(b)(6) witness, Craig Green. (ECF Nos. 99; 110).

Judge Ferenbach held a telephonic hearing regarding TPOV's motion for protective order (ECF No. 100) and ordered a hearing on both motions (ECF No. 104), which he held on May 13, 2019, (ECF No. 116). Judge Ferenbach conducted a second hearing on the motions on June 13, 2019, (ECF No. 124), and issued his order the following day (ECF No. 125).

## II. Legal Standard

A district judge may affirm, reverse, or modify, in whole or in part, a magistrate judge's order, as well as remand with instructions. LR IB 3-1(b).

Magistrate judges are authorized to resolve pretrial matters subject to the district judge's review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. *See, e.g.*, *Grimes v. Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 2017 WL 77415, at *3, --- F. Supp. 3d ----, ---- (D. Nev. Jan. 9, 2017) (quotation omitted); *see also Grimes*, 951 F.2d at 241 (finding that under the contrary to law standard, the district judge reviews the magistrate judge's legal conclusions *de novo*).

## III. Discussion

As an initial matter, the court grants TPOV's motion for leave to file a reply (ECF No. 139) and denies Paris's countermotion to strike (ECF No. 142). In its reply, TPOV urges the court to consider the objection to Judge Ferenbach's R&R as to both TPOV Enterprises LLC and TPOV Enterprises 16 LLC. *Id.* at 2–3. The court will consider the instant appeal as to both TPOV entities.

TPOV advances two argument in favor of reconsidering Judge Ferenbach's order. (*See generally* ECF No. 135). First, TPOV believes that Judge Ferenbach's order is not based on the facts of the case. *Id.* at 8–17. Next, TPOV argues that the sanction is not clearly related to any deficiency in discovery. *Id.* at 17–19.

Although TPOV urges that court to review Judge Ferenbach's order *de novo* (ECF No. 139 at 3), TPOV's objections are factual (*see generally* ECF No. 135). Despite the fact that TPOV suggests that Judge Ferenbach's order is "contrary to law," TPOV concedes that Fed. R. Civ. P. 37 is the rule governing the underlying motion for sanctions. (ECF No. 135 at 7–8) and acknowledges that Judge Ferenbach "f[ound] that the [instant] sanctions are appropriate under Federal Rule of Civil Procedure 37(d)(1)(A)(i)." *Id.* at 7. Consequently, Judge Ferenbach applied the correct standard; TPOV simply disagrees with the outcome. The court will not substitute its judgment for Judge Ferenbach's factual determinations simply because TPOV summarily argued that the order was both "contrary to law" and "clearly erroneous." *See generally id.*

Accordingly, the court reviews Judge Ferenbach's determination under a clearly erroneous standard. Under this deferential standard, a decision is clearly erroneous only if it "strike[s] [the court] as wrong with the force of a five-week old, unrefrigerated dead fish." *Ocean Garden, Inc. v. Marktrade Co.*, 953 F.2d 500, 502 (9th Cir. 1991) (quoting *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir. 1988)).

At the May 13, 2019, hearing motion, Judge Ferenbach indicated that there had been "a lot of problems with [TPOV]" in discovery and that TPOV "ha[s] not been forthcoming in this jurisdiction, in this case." (ECF No. 126 at 27, 36). At the June 13, 2019, hearing, Judge Ferenbach noted that Paris had been "very accommodating" and had reset depositions several times. (ECF No. 134 at 9). Then, as Paris argued at the hearing, TPOV "showed a complete disregard for

U.S. District Judge

- 3 -

properly noticed depositions. Their regard was so small that they wouldn't even provide a reason why their witness couldn't show up until the morning before the deposition was set to proceed." *Id.*

Judge Ferenbach said that "there was no justification for the 30(b)(6) witness to, you know, fail to attend on this record" and found that sanctions were appropriate. *Id.* at 15. He expressly noted that "a good case has been made here for certain facts to be deemed established because, you know, the defendant has tried and tried to get these things taken care of. I think it's just appropriate given the conduct of the plaintiffs in this case, the two entities." *Id.* at 17.

As confirmed in his written order after the hearing, Judge Ferenbach found that the following sanctions are appropriate for TPOV's unjustifiably rescheduling Craig Green's deposition:

> 1. The depositions of TPOV's FRCP 30(b)(6) witnesses and the personal deposition of Craig Green must take place in Las Vegas.
>
> 2. The following facts are deemed as established in this case:
>
> a. Neither Seibel nor the TPOV Parties informed Paris of Seibel's criminal activities after entering into the TPOV Agreement.
>
> b. TPOV had an obligation in accordance with Section 10.2 of the TPOV Development Agreement to disclose activities related to Seibel's guilty pleas.
>
> c. Seibel did not update his disclosures as required under Section 10.2 of the TPOV Development Agreement.

(ECF No. 125 at 2).

At the June 13 hearing, Judge Ferenbach heard and considered TPOV's arguments in opposition to these sanctions. For instance, Judge Ferenbach considered—and rejected—TPOV's contention that monetary sanctions were more appropriate. (ECF No. 134 at 19–22). Judge

Ferenbach further heard—and rejected—arguments that the facts to be deemed as established were unrelated to Mr. Green's deposition. *Id.* at 20–24.

TPOV's motion merely reiterates the arguments it already presented to Judge Ferenbach at the hearing. Judge Ferenbach has managed the highly contested discovery proceedings in this matter, held hearings on the underlying motions, and made his factual determinations. The court does not find that Judge Ferenbach's determinations are clearly erroneous. Therefore, TPOV's motion is denied.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that TPOV's objection and motion for reconsideration (ECF No. 135) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that TPOV's motion for leave to file a reply (ECF No. 139) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Paris's motion to strike (ECF No. 148) be, and the same hereby is, DENIED.

DATED March 23, 2020.

_____
UNITED STATES DISTRICT JUDGE