UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TPOV ENTERPRISES 16, LLC, | Case No. 2:17-CV-346 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| PARIS LAS VEGAS OPERATING COMPANY, LLC, | |
| Defendant(s). | |

Presently before the court is defendant Paris Las Vegas Operating Company LLC's ("Paris") motion for terminating sanctions. (ECF Nos. 152; 153).[1] Plaintiffs TPOV Enterprises, LLC ("TPOV"), TPOV Enterprises 16, LLC ("TPOV16"), and Rowen Siebel ("Siebel") (collectively "the TPOV parties") filed a response (ECF No. 158),[2] to which Paris replied (ECF No. 164).

Also before the court is Magistrate Judge Ferenbach's report and recommendation ("R&R"), which recommends the court enter terminating sanctions against TPOV regarding Paris's counterclaims. (ECF No. 194). The TPOV parties objected (ECF No. 200), to which Paris responded (ECF No. 209).

Also before the court is the TPOV parties' motion for leave to file a reply. (ECF No. 216). Paris filed a response (ECF No. 219) and countermotion to strike (ECF No. 220), to which replied

---

[1] The court notes that Paris filed an unsealed/redacted version (ECF No. 152) and a sealed/unredacted version (ECF No. 153) of its motion.

[2] The court notes that the TPOV parties also filed a cross motion for sanctions (ECF No. 159), which Judge Ferenbach denied (ECF No. 194). Because the TPOV parties do not object to Judge Ferenbach's order regarding their motion, it is not before this court.

**James C. Mahan**
**U.S. District Judge**

(ECF No. 221) and responded (ECF No. 222), respectively. The TPOV parties then filed a reply in support of its motion to strike. (ECF No. 223)

Also before the court are various motions to seal (ECF Nos. 202; 211).

**I.      Background**

The instant action arises from a contractual dispute between TPOV and Paris regarding the Gordon Ramsay Steak Restaurant. The parties are aware of the facts of this dispute, so the court need not reiterate them at length. As relevant to the instant dispute, the parties have had ongoing problems conducting discovery. (*See generally* ECF Nos. 99; 106; 110; 114; 115; 119; 135; 137; 139; 142; 148; 153; 158; 164; 194; 200; 209; 216; 219; 221; 223).

In particular, the instant motion (ECF No. 152) and recommendation (ECF No. 194) for terminating sanctions arise from the TPOV parties' ongoing discovery misconduct. *See generally id.* In particular, Judge Ferenbach found that the TPOV parties' "introduction of [a] privileged document in the two depositions in violation of the protective order and the introduction of the undisclosed documents in violation of Rule 26 are evidence of a pattern of discovery violations." *Id.* at 7. Judge Ferenbach further found that sanctions were appropriate because the TPOV parties' counsel "lodged multiple, inappropriate, suggestive, and argumentative objections during multiple depositions, including but not limited to the TPOV deposition of Green, that do not comply with the requirements of Rule 30(c)(2)." *Id.* Finally, Judge Ferenbach also found that the TPOV parties' Rule 30(b)(6) witness, Craig Green, "effectively did not appear for the TPOV entity 30(b)(6) deposition because Green did not testify about information that was reasonably available." *Id.* at 8.

**II.     Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

James C. Mahan
U.S. District Judge

- 2 -

*Id*. However, "a district court may not reject the factual findings of a magistrate judge on a motion to suppress without conducting a *de novo* evidentiary hearing." *United States v. Ridgway*, 300 F.3d 1153, 1155 (9th Cir. 2002) (citing *United States v. Bergera*, 512 F.2d 391, 392–94 (9th Cir. 1975)).

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service thereof.

### III.  Discussion

As an initial matter, the court grants the pending motions to seal in light of the confidential, non-public information contained in the TPOV parties' objection (ECF No. 202 (moving to seal the objection)) and Paris's response (ECF No. 211 (moving to seal the response)). The parties stipulated, and Judge Ferenbach entered a protective order, preserving the confidentiality of this information. (ECF No. 29).

Next, the court has the inherent ability to control its docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). Thus, the court can consider the filings before the court to the extent they are helpful—and, to the extent they are not, the court may disregard them—when adjudicating the substantive motions in this case. Accordingly, the court grants the TPOV parties' motion for leave to file a reply (ECF No. 223) and denies Paris's motion to strike (ECF No. 220).

The court now considers Judge Ferenbach's recommendation (ECF No. 194) and the TPOV parties' objection thereto (ECF No. 200). First, the court considers the deposition of TPOV's Rule 30(b)(6) witness, Craig Green. And, before turning to the instant discovery misconduct, the court finds it necessary to reiterate the protracted litigation surrounding Paris's attempts to depose Mr. Green.

As this court has previously noted, Judge Ferenbach indicated at a May 13, 2019, motion hearing that there had been "a lot of problems with [the TPOV parties]" in discovery and that the TPOV parties "have not been forthcoming in this jurisdiction, in this case." (ECF No. 126 at 27,

**James C. Mahan**
**U.S. District Judge**

36). At a status conference on June 13, 2019, Judge Ferenbach noted that Paris had been "very accommodating" and had reset depositions several times. (ECF No. 134 at 9). On the other hand, TPOV "showed a complete disregard for properly noticed depositions. Their regard was so small that they wouldn't even provide a reason why their witness couldn't show up until the morning before the deposition was set to proceed." *Id.* Consequently, Judge Ferenbach said that "there was no justification for the 30(b)(6) witness to, you know, fail to attend on this record" and found that sanctions were appropriate, particularly because "the defendant has tried and tried to get these things taken care of." *Id.* at 15, 17.

Now, Paris requested and Judge Ferenbach recommends terminating sanctions—striking TPOV's answer to Paris's counterclaim and entering default against it—because Mr. Green appeared at his deposition without being properly prepared. Thus, Judge Ferenbach found Mr. Green "effectively did not appear for the TPOV entity 30(b)(6) deposition because Green did not testify about information that was reasonably available." (ECF No. 194 at 8). The TPOV parties argue that terminating sanctions are too severe for two principal reasons: (1) Mr. Green should have had an opportunity to review documents, and (2) TPOV should have been allowed "to leave blanks in the transcript and have Mr. Green research and insert responses," (ECF No. 201 at 10, 18).

The TPOV parties contend that a lesser sanction—such as "order[ing] Mr. Green (or another designee) to reappear for the 30(b)(6) deposition of TPOV"—would be sufficient.[3] *Id.* at 20. The court disagrees. Notably, the TPOV parties stop short of arguing that Mr. Green had sufficiently prepared for his deposition. *See generally id.* And, as detailed above, this is not the

---

[3] "To rely on an earlier sanction to justify a later terminating sanction, the sanctioned misconduct must be of the same variety, such that the prior sanction gave clear notice that the failure to comply with a court order could result in a dismissal of the complaint." *Faerfers v. Caviar Creator, Inc.*, 359 F. App'x 739, 741 (9th Cir. 2009) (citing *United States v. Nat'l Med. Enters.*, 792 F.2d 906, 913 (9th Cir. 1986)). The TPOV parties contend that "prior sanctions . . . pertained to Mr. Green's unavailability for a deposition due to a job interview—not an alleged failure to prepare for a Rule 30(b)(6) deposition," thus precluding terminating sanctions now. (ECF No. 201 at 20). The court disagrees. Ongoing violations pertaining to Mr. Green being unavailable for a deposition—whether by being physically absent or simply unprepared—are at issue in both sanctions. The TPOV parties were on clear notice that they had to make Mr. Green available for deposition and that their continued failure to do so would result in "consequences"—e.g., sanctions. Those sanctions should necessarily increase in severity as the TPOV parties' conduct continued undeterred by lesser punishments.

**James C. Mahan**
**U.S. District Judge**

first discovery dispute concerning Mr. Green's deposition. In light of the TPOV parties' ongoing conduct, Judge Ferenbach found as follows:

> The [c]ourt has expended resources regarding Green's failure to appear multiple times now and Green's lack of testimony interferes with the Court's need to manage its docket. Paris will be prejudiced if it must go to trial without Green's full and truthful testimony regarding the TPOV entity. Green's refusal to truthfully and fully testify regarding the TPOV entity, as the sole manager of TPOV, "threatens to interfere with the rightful decision of the case."

(ECF No. 194 at 8 (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 n.14 (9th Cir. 2007) (citations omitted))).

Put plainly, the TPOV parties' ongoing discovery misconduct has prejudiced Paris and burdened this court. The court agrees with Judge Ferenbach and finds that terminating sanctions are appropriate on this point.

The TPOV parties' other discovery misconduct only reinforces this conclusion. While not deserving of terminating sanctions if viewed in isolation, the TPOV parties repeatedly used—or, at the very least, attempted to use—a privileged document in depositions in direct contravention of a protective order. (ECF No. 194 at 6–7). Further, the TPOV parties' former counsel "lodged multiple, inappropriate, suggestive, and argumentative objections during multiple depositions, including but not limited to the TPOV deposition of Green, that do not comply with the requirements of Rule 30(c)(2)." *Id.* As Judge Ferenbach described, these actions are "further evidence of a pattern of discovery violations." *Id.* at 7.

The TPOV parties argue that this pattern of misconduct is attributable to prior counsel, rather than current counsel or the TPOV parties themselves. However, as the United States Supreme Court has explained, parties are bound by the acts and omissions of their attorneys:

> [The TPOV parties] voluntarily chose [their] attorney as [their] representative in the action, and [they] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962).

Thus, the court will not allow the TPOV parties to escape what the court has determined is an appropriate sanction simply because they retained new counsel after each repeated discovery violation. The TPOV parties' ongoing conduct has thwarted the timely and orderly administration and adjudication of this case. The court overrules the TPOV parties' objection and adopts Judge Ferenbach's R&R in full.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the TPOV parties' objection (ECF No. 200) be, and the same hereby is, OVERRULED.

IT IS FURTHER ORDERED that Judge Ferenbach's R&R (ECF No. 194) be, and the same hereby is, ADOPTED in full.

IT IS FURTHER ORDERED that Paris's motion for terminating sanctions (ECF Nos. 152; 153) be, and the same hereby is, GRANTED in part, consistent with Judge Ferenbach's R&R.

IT IS FURTHER ORDERED that TPOV's motion for leave to file a reply (ECF No. 216) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Paris's motion to strike (ECF No. 220) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the pending motions to seal (ECF Nos. 202; 211) be, and the same hereby are, GRANTED.

IT IS FURTHER ORDERED that TPOV Enterprises, LLC's answer (ECF No. 40) be, and the same hereby is, STRICKEN as to TPOV Enterprises LLC' only.

The clerk is instructed to enter default against third-party defendant TPOV Enterprises LLC as to Paris's counterclaims.

DATED July 17, 2020.

_____
UNITED STATES DISTRICT JUDGE