UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TPOV ENTERPRISES 16, LLC, | Case No. 2:17-CV-346 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| PARIS LAS VEGAS OPERATING COMPANY, LLC, | |
| Defendant(s). | |

Presently before court is defendant and counter-claimant Paris Las Vegas Operating Company, LLC's ("Paris") motion to amend the default judgment against counter-defendant TPOV Enterprises, LLC ("TPOV") (ECF No. 233) and motion for attorney's fees and costs. (ECF No. 234). Also before the court is Paris's motion to seal an exhibit to its motion to amend. (ECF No. 238).

Also before the court is TPOV's motion to set aside the default judgment against it under Rule 60(a) or, in the alternative, Rule 59(e). (ECF Nos. 239, 240).[1]

Also before the court is TPOV's motion to strike Paris's bill of costs or, in the alternative, to retax costs. (ECF Nos. 249, 250).

I. **BACKGROUND**

This is a breach of contract case involving the Gordon Ramsay Steak restaurant in the Paris Las Vegas Hotel & Casino. In November 2011, Paris and TPOV entered into a development and operation agreement ("TPOV Agreement") which obligated TPOV to make

---

[1] ECF No. 242 is a corrected image/document of TPOV's motion at ECF No. 240. The court uses ECF No. 240 to cite to the motion.

**James C. Mahan**
**U.S. District Judge**

gaming-related suitability disclosures. (Paris's Mot. for Terminating Sanctions, ECF No. 152 at 3). Plaintiff TPOV 16—the purported assignee of TPOV's interests under the agreement—alleges that Paris wrongfully terminated the TPOV Agreement based on a "baseless assertion" that "Rowen Seibel is an unsuitable person who is associated with TPOV 16." (Compl., ECF No. 1 ¶¶ 13–14). Paris asserts counterclaims against TPOV 16 and third-party defendants TPOV and Seibel.[2] (Countercl., ECF No. 33). Paris alleges that counter-defendants fraudulently concealed Siebel's criminal conviction for tax fraud which allowed Paris to terminate the agreement and continue operating the restaurant. (*Id.* ¶¶ 17–24).

The parties have had a difficult time conducting discovery. (*See generally* ECF Nos. 99, 106, 110, 114, 115, 119, 135, 137, 139, 142, 148, 153, 158, 164, 194, 200, 209, 216, 219, 221, 223). As relevant here, Magistrate Judge Cam Ferenbach ruled that TPOV has committed a pattern of bad-faith discovery violations. (ECF No. 194). He recommended that TPOV's answer be stricken and that the clerk enter default against it on Paris's counterclaims as a sanction. (ECF No. 194). The court overruled TPOV's objections to the R&R and adopted it in full, instructing the clerk to follow Judge Ferenbach's recommendations. (ECF No. 229 at 6). The clerk entered a single-sentence default judgment against TPOV that did not award damages or specify any relief. (ECF No. 230).

The instant motions are a dispute over whether the clerk mistakenly entered *default judgment* instead of a mere *default*. Paris argues that the entry of default judgment was correct and moves to amend it under Rules 59(e) or 60(a) to include its request for a declaration that it properly terminated the TPOV Development Agreement. (ECF No. 233 at 7; *see also* ECF No. 33 ¶¶ 44–48). TPOV moves to set aside the default judgment as a clerical mistake under Rule 60(a) or as a manifest error of law under Rule 59(e). (ECF Nos. 239, 240).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits the court to amend or alter a judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district

---

[2] Paris's counterclaims include breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, fraudulent concealment, and civil conspiracy. (ECF No. 33 ¶¶ 27–63).

court enjoys considerable discretion in granting or denying [such a] motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Relief under Rule 59(e) is extraordinary and "should be used sparingly." *Id.* Relief is generally appropriate when the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. *Id.*; *see also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 60(a) permits the court to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The difference between clerical mistakes and mistakes that cannot be corrected under Rule 60(a) is that "the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)).

The rule allows the court to "clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) (internal quotation marks omitted). In other words, relief under the rule is proper "to the extent that it does not deviate from the original intent of the court." *Id.*

Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. In addition, the court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "A default judgment that does not dispose of all of the claims among all parties is not a final judgment unless the court directs entry of final judgment under Rule 54(b). Until final judgment is entered, Rule 54(b) allows revision of the default judgment at any time." Fed. R. Civ. P. 55, Advisory Committee's Note (2015 Amendments).

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. DISCUSSION

#### A. Paris's Motion to Seal

Paris's motion to seal Exhibit B to its motion to amend the default judgment against TPOV is GRANTED per the amended stipulated confidentiality agreement and protective order. (ECF No. 29 (protective order); ECF No. 205 (amendment)).

#### B. Default Judgment against TPOV

The court agrees with TPOV's simple description of this dispute. Paris did not specifically ask for default judgment in its motion for case-terminating sanctions. The magistrate judge did not recommend default judgment. This court did not order default judgment. The clerk entered default judgment. This was a clerical mistake that the court can correct under Rule 60(a). An entry of default judgment was not the court's intention based on its unambiguous instructions to the clerk.

If Paris believed that its request for case-terminating sanctions could be fulfilled only by a dismissal or default judgment, it should have objected to the magistrate judge's unambiguous recommendation of a default. (*See* ECF No. 247 at 5 ("Terminating sanctions are often synonymous with a default judgment and dismissal.")).

And if Judge Ferenbach thought default judgment was appropriate, he would have recommended it. *See, e.g.*, *Drive Time Auto., Inc. v. Deguzman*, No. 2:14-cv-00782-RFB-VCF, 2015 WL 13738704, at *4 (D. Nev. Apr. 30, 2015*), report and recommendation adopted sub nom.* 2016 WL 7104836 (D. Nev. Dec. 5, 2016) (recommending that "the Radwan Defendants' Answer be stricken and **judgment** be entered against the Radwan Defendants" (emphasis added)). Yet the phrase "default judgment" does not appear in the R&R and order. (*See* ECF No. 194). The precise recommendation that this court adopted was that TPOV's answer should be stricken and "the clerk should enter default against third party defendant TPOV Enterprises, LLC." (ECF No. 194 at 13).

Even so, recommending default judgment would have likely contravened the *Frow* doctrine. The *Frow* doctrine says that a court should not grant default judgment against a defendant while the case proceeds against other defendants who are jointly liable. *Frow v. De*

*La Vega*, 82 U.S. 552, 554 (1872).  The Ninth Circuit has extended the doctrine to defendants who are merely similarly situated or share similar defenses.  *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) ("It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.").

"Where *Frow* applies, it would be an abuse of discretion to enter a default judgment against some but not all defendants prior to adjudication of the claims against answering defendants. Under these circumstances, there is, as a matter of law, 'just reason for delay' of entry of judgment under Rule 54(b)."  *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001) (internal citations omitted).

The interplay of the *Frow* doctrine and case-terminating discovery sanctions in *Fernandez v. Cox* is instructive.  *Fernandez v. Cox*, No. 3:14-cv-00578-MMD-VPC, 2016 WL 8710431, at *3 (D. Nev. Sept. 2, 2016), *report and recommendation adopted*, 2016 WL 7422641 (D. Nev. Dec. 21, 2016).  In *Fernandez*, an inmate moved for default judgment under Rule 37(d) against a defendant correctional officer who did not respond to interrogatories. *Id.* at *3.   The magistrate judge ruled that sanctions were appropriate but, just like Judge Ferenbach here, recommended entering default only:

> Having found that four of the five *Eitel* factors support termination sanctions, the court hereby recommends that plaintiff's motion for sanctions be granted and default be entered against Tucker. **Importantly, however, the court's decision does not mean that entry of a final judgment is appropriate at this time.** Damages have not been established, and nearly thirty defendants continue to actively litigate this case. Many of those defendants are current or former ESP correctional officers who, like defendant Tucker, are alleged to have given plaintiff psychotropic medication against his will or knowledge. At a minimum, Tucker and the active defendants **appear to be similarly situated** for purposes of defending against plaintiff's claims, and there is a significant risk of inconsistent judgments if the court were to enter default judgment against Tucker at this juncture. Therefore, there is ample reason for delay under Rule 54(b) and *Frow*. **Plaintiff is invited to move for default judgment if his claims against the non-defaulting defendants are resolved in his favor.**

*Id.* at *4 (emphasis added); *see also Johnson v. Lopez et al.*, 2:15-cv-00884-JAD-NJK, ECF No. 120 (instructing the clerk to enter default as a discovery sanction under *Frow* and inviting plaintiff to seek a default judgment at the conclusion of the case).

James C. Mahan
U.S. District Judge

Notwithstanding the court's unambiguous instructions, default judgment is premature under *Frow* because TPOV and TPOV 16 are similarly situated. "Paris's counterclaims against TPOV are inextricably intertwined with its counterclaims against TPOV 16 and TPOV 16's claims against Paris—they all arise from the same set of facts, including TPOV's assignment of its interests to TPOV 16." (ECF No. 248 at 10). The court cannot declare in a default judgment against TPOV that Paris rightfully terminated the TPOV Agreement because TPOV 16 is still actively litigating this very issue albeit with key facts established against it as an earlier discovery sanction. (ECF No. 194 at 2). Paris's contention that its disobedient counterparties cannot benefit from the *Frow* doctrine because it is an equitable doctrine is unavailing. (ECF No. 253 at 5–6). After all, Paris sought case-terminating sanctions against TPOV, TPOV 16, and Seibel but Judge Ferenbach recommended sanctions against TPOV only. (ECF No. 257 at 4).

The result is that the discovery sanctions against TPOV do not have as much bite as Paris would like. (*See* ECF No. 247 at 6 ("Turning terminating sanctions into a default nullifies their impact by requiring Paris to move for the very relief TPOV has stymied since [it] began its crusade against the truth.")). This lack of bite is partly due to all three of Paris's counterparties sharing the same counsel. But in a multi-defendant case like this one, the court must consider the legal rights and interests of the answering counter-defendants and protect against inconsistent judgments. *See generally Fernandez*, 2016 WL 8710431, at *4. And a default still has plenty of bite. Above all, it prevents TPOV from asserting affirmative defenses. (ECF No. 256 at 5).

In sum, the court finds that the entry of default judgment against TPOV was a clerical mistake that it can correct under Rule 60(a). The court once again instructs the clerk to enter default against TPOV, in order to fulfill its original intention. And because there is no entry of judgment, Paris's motion for attorney's fees and costs (ECF No. 234) is DENIED without prejudice and TPOV's motion to strike Paris's bill of costs (ECF No. 249) is GRANTED. *See* Fed. R. Civ. P. 54(d)(1), (2)(B)(i); LR 54-1(a).

**James C. Mahan**
**U.S. District Judge**

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that TPOV's motion to set aside the default judgment against it under Rule 60(a) (ECF No. 239) be, and the same hereby is, GRANTED. Its motion to set aside the default judgment under Rule 59(e) (ECF No. 240) is DENIED as moot.

IT IS FURTHER ORDERED that the default judgment against TPOV Enterprises, LLC (ECF No. 230) is VACATED under Rule 60(a). The clerk shall enter DEFAULT against TPOV Enterprises, LLC.

IT IS FURTHER ORDERED that Paris's motion to seal (ECF No. 238) is GRANTED, its motion to amend the default judgment against TPOV (ECF No. 233) is DENIED as moot, and its motion for attorney's fees and costs (ECF No. 234) is DENIED without prejudice.

IT IS FURTHER ORDERED that TPOV's motion to strike Paris's bill of costs (ECF No. 249) is GRANTED and that its motion to retax costs (ECF No. 250) is DENIED as moot.

DATED February 19, 2021.

_____
UNITED STATES DISTRICT JUDGE