UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TPOV ENTERPRISES 16, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>PARIS LAS VEGAS OPERATING COMPANY, LLC,<br><br>Defendant(s). | Case No. 2:17-CV-346 JCM (VCF)<br><br>ORDER |

Presently before this court is defendant and counterclaimant Paris Las Vegas Operating Company, LLC's ("Paris") motion to stay this case. (ECF Nos. 302, 305).[1] Counter-defendants Rowen Siebel and TPOV Enterprises, LLC, and plaintiff and counter-defendant TPOV Enterprises 16, LLC (collectively, "the TPOV Parties") responded in opposition (ECF No. 307) to which Paris replied (ECF Nos. 308, 311).[2]

Also before this court are Paris's motions to redact confidential portions of its motion to stay and seal two supporting exhibits (ECF No. 304) and to redact confidential portions of its reply and seal three supporting exhibits. (ECF No. 310).

**I.    Background**

In November 2011, Paris and TPOV entered into a development and operation agreement concerning the Gordon Ramsay Steak restaurant in the Paris Las Vegas Hotel & Casino (the "TPOV Agreement"). Plaintiff TPOV 16 filed this action against Paris for wrongfully terminating

---

[1] This court cites to ECF No. 302 which is the unsealed version of the stay motion at ECF No. 305.

[2] This court cites to ECF No. 308 which is the unsealed version of Paris's reply at ECF No. 311.

**James C. Mahan**
**U.S. District Judge**

1  the TPOV Agreement. (ECF No. 1). Paris brings counterclaims against the TPOV Parties for
2  concealing information material to the TPOV Agreement. (ECF No. 33). The parties are also
3  litigating a related matter in Nevada state court (the "state court") styled *Seibel v. PHWLV, LLC*,
4  Case No. A-17-751759-B (the "state court matter").

5  On March 12, 2021, the parties each moved for summary judgment. (ECF Nos. 269, 270).
6  However, on April 12, 2021, the state court compelled TPOV to produce certain attorney-client
7  privileged records *in camera*. (ECF No. 303-6). Pursuant to an agreement between the parties,
8  discovery propounded in the state court matter may be used in this matter and vice versa. (ECF
9  Nos. 226 at 2, 303-4). Accordingly, Paris now moves to stay summary judgment proceedings
10 pending resolution of the state court's *in camera* review and any subsequent appeals. (ECF No.
11 302).

12 **II.    Legal Standard**

13 "[T]he power to stay proceedings is incidental to the power inherent in every court to
14 control the disposition of the causes on its docket with economy of time and effort for itself, for
15 counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This court can enter
16 stays "pending resolution of independent proceedings which bear upon the case." *Leyva v.*
17 *Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The decision is committed to
18 the sound discretion of this court. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

19 In deciding whether to grant a stay, this court weighs "the competing interests which will
20 be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098,
21 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Among these competing interests are (1)
22 " 'the possible damage which may result' " from granting a stay, (2) " 'the hardship or inequity
23 which a party may suffer in being required to go forward,' " and (3) "the orderly course of justice
24 measured in terms of the simplifying or complicating of issues, proof, and questions of law which
25 could be expected to result from a stay." *Id.*[3]

---

[3] Notwithstanding the parties' discussion of alternate stay factors, this court will determine the necessity of a stay under the Ninth Circuit's *Lockyer* factors. *Lockyer* 398 F.3d at 1110.

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

A. <u>The possible damages from a stay are limited to a reasonable delay</u>

Assuming this court grants Paris's requested stay, the parties will suffer a delay in summary judgment proceedings.

This court cannot predict the exact length of the delay. Yet, a delay pending resolution of the state court's *in camera* review and any subsequent appeals is reasonable in relation to the urgency of the claims before this court. *Leyva*, 593 F.2d at 864 ("a stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to this court.").

The claims before this court are no more urgent than the parties' conduct shows them to be. Since the filing of this matter over four years ago, the parties have consistently stipulated to extend discovery deadlines beyond any timeline this court considers urgent. (ECF Nos. 5, 24, 46, 53, 66, 72, 81, 89, 97, 150, 180, 197, 207, 217, 225, 227, 231, 243, 245, 251, 258, 260, 265, 267, 291, 293, 295, 299).

In litigating discovery so diligently, the parties show that the completeness of the record—not the promptness of decisions made absent a complete record—is essential to the claims before this court. Thus, the reasonable time in relation to the urgency of the claims is as long as is necessary to determine whether the record before this court is complete.

Accordingly, this factor weighs in favor of granting a stay pending resolution of the state court's *in camera* review and any subsequent appeals.

B. <u>The possible hardships absent a stay extend to undue expenses and delays</u>

Assuming this court denies Paris's requested stay, the parties are subject to undue delay and expense from wasteful supplementation of their summary judgment briefing.

Pursuant the parties' discovery agreement, the record before this court is subject to expansion if the state court compels the TPOV Parties to produce the disputed records to Paris. (ECF Nos. 226 at 2, 303-4). Paris contends that receiving those records will necessitate supplementing its briefing. (Nos. 302 at 10, 307 at 10).

**James C. Mahan**
**U.S. District Judge**

Thus, absent a stay, the parties will face the possible hardships of compounding expenses and delays from supplementing each motion, response, and reply submitted before the state court's *in camera* review and any subsequent appeals are resolved.

Accordingly, this factor also weighs in favor of granting a stay pending resolution of the state court's *in camera* review and any subsequent appeals.

C. <u>The orderly course of justice favors a stay to simplify the proof before this court at summary judgment</u>

While each of the parties have moved for summary judgment, they have yet to file responses and replies. Due to the parties' discovery agreement, the record before this court is subject to expansion from discovery in the state matter. Save for such an expansion, discovery in this matter is closed.

Consequently, a stay will afford this court a complete record for summary judgment determination—regardless of the state court's holding. Should the state court compel the TPOV Parties to produce the records to Paris, it will expand the record before this court and trigger Paris to supplement its motion. Should the state court hold the records are not discoverable, it will reveal that the record before this court is already full and complete and allow the parties to continue briefing without risk of wasteful supplementation. Thus, a stay is certain to simplify the issues of proof before this court.

Accordingly, this factor also weighs in favor of granting a stay pending resolution of the state court's *in camera* review and any subsequent appeals.

Therefore, having considered the *Lockyer* factors, this court stays this case pending resolution of the state court's *in camera* review and any subsequent appeals.

**IV.  Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Paris's motion to stay this case (ECF Nos. 302, 305) be, and the same hereby is, GRANTED. This case is PARTIALLY STAYED pending resolution of the Nevada state court's *in camera* review of the contested records in the matter of *Seibel v. PHWLV, LLC*, Case No. A-17-751759-B—including any subsequent appeals from that resolution. Specifically, the proceedings and litigation over the parties' motions

**James C. Mahan**
**U.S. District Judge**

- 4 -

for summary judgment (ECF Nos. 269, 270) are STAYED.  The proceedings and litigation over TPOV Enterprises 16's motion to compel (ECF No. 313) are NOT STAYED.

IT IS FURTHER ORDERED that Paris's redaction and sealing motions (ECF Nos. 304, 310) be, and the same hereby are, GRANTED per the amended stipulated confidentiality agreement and protective order (ECF No. 29 (protective order); ECF No. 205 (amendment)).

IT IS FURTHER ORDERED that all pending summary judgment and related motions (ECF Nos. 269, 270, 286, 289) be, and the same hereby are, DENIED without prejudice to the parties' ability to refile them after the stay is lifted.  Once the state court's *in camera* review and any subsequent appeals are resolved, any party may move to lift this stay.

DATED August 19, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**