**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| TPOV ENTERPRISES 16, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff(s),<br><br>v.<br><br>PARIS LAS VEGAS OPERATING COMPANY, LLC, a Nevada limited liability company,<br><br>Defendant(s). | 2:17-cv-00346-JCM-VCF<br>**ORDER** |

Before me is the motion to seal (ECF NO. 351).

Under LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion. No opposition has been filed and the time to file an opposition has passed. Here, it would seem as though the parties have consented to the granting of the instant motion.

The Ninth Circuit has emphasized a strong presumption in favor of access to court records and documents. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This general right to public documents, however, is not absolute. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Local Rule IA 10-5 explains that a party may file a document with the court under seal if accompanied by a motion for leave to file those documents under seal.

A party seeking to seal documents in support of a non-dispositive motion must only show "good cause" exists to seal the documents in question. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Here, the good cause standard is met and the motion to seal is granted.

ACCORDINGLY, and for good cause shown,

1

1    I ORDER that the motion to seal (ECF NO. 351) is GRANTED.

2    DATED this 26th day of January 2022.

```
                                        _____
                                        CAM FERENBACH
                                        UNITED STATES MAGISTRATE JUDGE
```