UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TPOV ENTERPRISES 16, LLC,

Plaintiff(s),

v.

PARIS LAS VEGAS OPERATING COMPANY, LLC,

Defendant(s).

Case No.2:17-CV-346 JCM (MDC)

ORDER

Presently before the court is defendant and counterclaimant Paris Las Vegas Operating Company, LLC's ("Paris") motion to lift the stay in this matter. (ECF No. 357). Counter-defendants Rowen Siebel and TPOV Enterprises, LLC, and plaintiff and counter-defendant TPOV Enterprises 16, LLC (collectively, "the TPOV parties") responded in opposition and move the court to impose a new stay pending two appeals of related state court decisions before the Nevada Supreme Court. (ECF Nos. 366, 367).

A stay was entered on August 19, 2021, pending an in camera review of contested evidentiary matters in the Eighth Judicial District Court. (ECF No. 331). Specifically, the state court had to determine whether the crime-fraud exception to the attorney-client privilege applied to certain communications relevant to both the state court action and this action. (*Id.*). The stay included any subsequent appeals from that resolution. (*Id.* at 4:26-28.).

The matter was resolved in state court in October 2022. *See Seibel v. PHWLV*, LLC, Case No. A-17-751759-B. Appeals relating to the state court's evidentiary decision were exhausted in November 2022. *See Seibel v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 138 Nev. Adv. Op. 73, 520 P.3d 350 (2022). The Eighth Judicial District Court thereafter granted summary judgment

against the TPOV parties. *See Seibel v. PHWLV*, LLC, Case No. A-17-751759-B.

The TPOV parties appealed two rulings to the Nevada Supreme Court. (ECF No. 361). The Court affirmed the TPOV parties' first appeal in April 2024. *See* Order of Affirmance in Case No. 84934. The TPOV parties' second appeal is still pending.

Paris argues that because the limited purpose of the original stay—to resolve evidentiary matters—has been satisfied, there is no reason to continue the stay. (ECF No. 361). The TPOV parties argue a new stay should be imposed because the remaining appeal before the Nevada Supreme Court bears weight on the outcome of this action. (ECF No. 3). The court agrees.

This court can enter stays "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The decision is committed to the sound discretion of this court. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A stay should not be granted unless it appears likely that other proceedings will conclude within a reasonable time. *Leyva*, 593 F.2d at 864.

This court weighs "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). These interests are (1) the possible damage which may result from granting a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* After considering the *Lockyer* factors, the court is persuaded that a continued stay best promotes the orderly course of justice.

Both Paris and the TPOV parties moved for summary judgment before the original stay was entered in 2021. Neither party has yet to respond or reply. The remaining appeal before the Nevada Supreme Court seeks review of an order granting summary judgment and necessarily implicates questions of law in this action. Requiring the parties to resume summary judgment proceedings in this court creates the risk that supplemental briefing will be necessary following the Nevada Supreme Court decision—regardless of which party prevails.

. . .

Furthermore, though the court cannot presume to know when the remaining appeal will be decided, the Nevada Supreme Court has already ruled on the first appeal and the second appeal has been fully briefed. The court finds it likely a resolution will be reached in a reasonable time.

Though the purpose of the original stay was satisfied in October 2022, Paris did not seek to lift the stay until a year later and after the state court judgment was entered. The court agrees Paris cannot reasonably argue it will be harmed by a continued stay pending the resolution of the second appeal before the Nevada Supreme Court. Therefore, having considered the *Lockyer* factors and the purpose of the original stay, this court stays this case pending the remaining appeal.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the defendant's motion to lift the stay is DENIED.

IT IS FURTHER ORDERED that plaintiff's countermotion to stay proceedings pending resolution of the remaining Nevada Supreme Court appeal is GRANTED.

DATED August 23, 2024.

James C. Mahan

UNITED STATES DISTRICT JUDGE