UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TPOV Enterprises 16, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br><br>Paris Las Vegas Operating Company, LLC,<br><br>　　　　　Defendant. | Case No. 2:17-cv-00346-JCM-MDC<br><br>**ORDER GRANTING MOTION TO REMOVE ATTORNEY (ECF NO. 376)** |

The Court has reviewed the *Motion to Remove Attorney* (ECF No. 376) ("Motion"). Attorneys from Bailey Kennedy, LLP ("Bailey") request to withdraw as counsel for plaintiff TPOV Enterprises, LLC ("TPOV"), and counter-defendants TPOV Enterprises 16, LLC ("TPOV 16") and Rowen Seibel ("Seibel") (collectively "TPOV Parties"). *ECF No. 376*. The Court **GRANTS** the Motion for the reasons below.

I.　　**BACKGROUND**

This is a breach of contract case that is currently stayed. *ECF No. 331*, *375*. The latest stay request was granted pending resolution of an appeal of a related state case to the Nevada Supreme Court. *ECF No. 375*. Bailey files this Motion now because the related state case was recently adjudicated by the Nevada Supreme court in an unpublished decision. *ECF No. 376* at 1. Plaintiff has not responded to the Motion. Defendant and counter-claimant Paris Las Vegas Operating, LLC ("Paris") does not oppose the Motion but requests that if the Court grants the Motion, to also enter an Order requiring TPOV and TPOV 16 to file an appearance of new counsel within 60 days of such an Order. *ECF No. 376* at 6. Paris also requests for the Court to order that Seibel register for service via the Court's electronic filing system and notify the Court that he intends to continue participating if he wants to proceed *pro se* in this matter. *Id.*

1

## II.   GOOD CAUSE EXISTS THE GRANT THE MOTION

Bailey requests that they be removed as counsel of record for TPOV parties in this matter. *ECF No. 376*. Plaintiff filed a supporting declaration sworn to by Joshua P. Gilmore, Esq., an attorney for Bailey who represents TPOV parties. *ECF No. 376-2* at 2-3. Mr. Gilmore represents that the "terms of [Bailey's] representation of the TPOV Parties" and Nevada Rules of Professional Conduct 1.16(b)(5) and (6) provide grounds to grant the Motion. *Id.* at 2. He also represents that before Bailey filed the Motion, he informed TPOV parties that Bailey would be withdrawing as counsel in this matter and urged them to retain new counsel if they wanted to still pursue the matter. Nevada Rule of Professional Conduct Rule 1.16(b)(5) notes that a lawyer may withdraw if a client "fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled[.]". *Id.* Furthermore, Nevada Rule of Professional Conduct Rule 1.16(b)(6) notes that a lawyer may withdraw if continued representation will result in an "unreasonable financial burden… or has been rendered unreasonably difficult by the client[.]" *Id.*

Based on the above, the Court finds that Bailey has disclosed sufficient information for the Court to find good cause to grant the Motion.

//
//
//
//
//
//
//
//
//

ACCORDINLY,

**IT IS ORDERED that:**

1. The *Motion to Remove Attorney* (ECF No. 376) is **GRANTED**.

2. Attorneys for Bailey Kennedy, LLP, Dennis L. Kennedy, Esq., John R. Bailey, Esq., Joshua P. Gilmore, Esq., and Paul C. Williams, Esq. shall be terminated as counsel of record for plaintiff TPOV Enterprises, LLC, and counter-defendants TPOV Enterprises 16, LLC and Rowen Seibel and removed from CM/ECF service in this matter.

3. TPOV and TPOV 16 shall retain new counsel, who must enter a notice of appearance within 60 days of the stay being lifted.

4. Seibel shall register for electronic service or file a notice of appearance of new counsel by **December 19, 2025**.

5. If TPOV Parties fail to comply with these directives, they may be subject to sanctions, including dismissal of claims.

DATED: December 5, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.