# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TPOV Enterprises 16, LLC,

    Plaintiff,

vs.

Paris Las Vegas Operating Company, LLC,

    Defendant.

Case No. 2:17-cv-00346-JCM-MDC

**ORDER GRANTING PLAINTIFF'S MOTION TO FILE ELECTRONICALLY (ECF NO. 379)**

Counter defendant Rowen Siebel filed a *Motion for Pro Se Litigant to File Electronically* ("Motion"). *ECF No. 379*. On December 19, 2025, Mr. Siebel registered for electronic service pursuant to the Court's 12/05/25 Order (ECF No. 378) and on that same day filed this Motion. Under Local Rule IC 2-1(b), a pro se litigant may request the Court's authorization to register as a filer in a specific case. Plaintiff states that he has regular access to the equipment needed to e-file, such as a computer with internet access and an email account. *ECF No. 379*. The Court finds that plaintiff is capable of filing electronically and **GRANTS** the Motion. Because it seems that Mr. Siebel received access to be an e-filer when he registered for electronic service, the Motion is granted *nunc pro tunc*.

The Court also notes that the docket still reflects that Mr. Siebel is represented by Steven Carl Bennett, Esq., who is representing Mr. Siebel *pro hac vice*. Mr. Bennett has not entered anything on behalf of Mr. Siebel since attorneys from Bailey Kennedy, LLP ("Bailey") were substituted in this case on March 2, 2020. *ECF No. 195*.[1] Mr. Bennett's *pro hac vice* local sponsor David Carol, Esq. was also terminated as counsel on March 2, 2020. *Id.* Therefore, the Court *sua sponte* removes Steven Carl Bennett, Esq. as counsel of record for Rowan Siebel and from CM/ECF service in this matter.

---

[1] The Court also notes that the attorneys from Bailey recently withdrew from this case pursuant to the Court's 12/05/2025 Order. *ECF No. 378*.

1

ACCORDINGLY,

**IT IS ORDERED that:**

1.  Plaintiff's *Motion for Pro Se Litigant to File Electronically* (ECF No. 379) is **GRANTED** *nunc pro tunc*.

2.  Plaintiff is authorized to register as a filer in this case.

3.  Plaintiff shall familiarize herself with the Local Rules pertaining to filing electronically. *See* LR IC 2-1 and 2-2.

4.  Plaintiff must submit a completed registration form available on the Court's website.

5.  Plaintiff shall comply with the following procedures to activate a CM/ECF account:

    a.  Plaintiff must become familiar with the Electronic Filing procedures and events menus, obtain a PACER account, and obtain an CM/ECF login and password from the District of Nevada by submitting a completed registration form on the Court's website.

    b.  Plaintiff must read and comply with the guidelines for e-filing available both on the Court's website and here at https://perma.cc/2NCZ-T2WX.

6.  Steven Carl Bennett, Esq. is *sua sponte* removed as counsel of record for Rowan Siebel and removed from CM/ECF service in this matter.

IT IS SO ORDERED.

DATED: January 16, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**